Joaquin SANCHEZ, et al., Plaintiffs,

v.

CITY OF RIVERSIDE, et al., Defendants.

No. CV 81–4072 AWT

United States District Court, C.D. California.

Oct. 4, 1984.

Leonard C. Kohn, David E. Osterloh, Minkin & Kohn, Los Angeles, Cal., for plaintiffs.

John M. Porter, Roberts & Morgan, Riverside, Cal., for defendants.

## MEMORANDUM DECISION

TASHIMA, District Judge.

This is an action for damages under 42 U.S.C. § 1983 and under state common law, asserted under this Court's pendent jurisdiction, against defendants City of Riverside (the "City") and Victor Poisson, a City police officer. Plaintiffs Joaquin Sanchez and Emilio Aparicio alleged violations of their constitutional rights under color of state law, assault and battery, false imprisonment and infliction of emotional distress, arising out of the stopping and detention of plaintiffs by defendant Poisson, while he was acting in his official capacity as a police officer of the City.

Just prior to commencement of trial, defendants moved to bifurcate trial—that trial proceed against defendant Poisson on the claims against him and that trial against the City be deferred for later trial, if necessary. F.R.Civ.P. 42(b). The motion was based on the ground that establishing (and defending against) the City's liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), would be a time-consuming exercise which would, in all probability, be rendered moot by the resolution of plaintiffs' claims against the individual police officer. The motion was granted and trial proceeded on plaintiffs' claims against the individual police officer defendant. Verdicts were returned in plaintiffs' favor. Plaintiff Sanchez was awarded $28,000 actual damages for violation of his constitutional rights, assault and battery and infliction of emotional distress. Plaintiff Aparicio was awarded $4,000 for infliction of emotional distress. The jury found that plaintiff Aparicio was not deprived of any constitutional right.[1] Punitive damages were neither sought nor awarded.[2] The City has agreed that it is obligated under Cal.Gov't Code § 825 to pay the judgment against its employee, defendant Poisson.

The City has now moved for summary judgment on the claims against it. F.R. Civ.P. 56. It contends that these claims have been rendered moot by the jury's verdicts on the claim against the police officer defendant and the City's agreement to pay the judgment entered on the verdicts.

Plaintiffs' claims against the City allege no wrong not alleged against the police officer or no injury or damages proximately caused thereby different from the

---

1. The verdict was accompanied by interrogatories to explain the basis on which liability might be found. F.R.Civ.P. 49(b).

2. An award of punitive damages against the individual police officer would not affect the analysis here. Generally, a municipality is under no obligation to indemnify an employee for punitive damages. Cal.Gov't Code § 825.

injury or damages sought against the police officer defendant.

█ The jury found that plaintiff Sanchez had been deprived of his constitutional right and was the victim of tortious conduct under state law, for which damages were awarded. With respect to the City's liability under 42 U.S.C. § 1983, the pretrial conference order reserved the issue of whether any constitutional deprivation was pursuant to a "governmental custom" of the City under *Monell*. *Monell*, of course, does not create a separate class of constitutional wrongs; it merely provides that under certain circumstances a municipality may, itself, be held liable as a "person" for deprivation of a constitutional right, 436 U.S. at 690–91, 98 S.Ct. at 2035–36, as well as the individual perpetrator of the wrong. Since all compensable damages resulting from the constitutional wrong to plaintiff Sanchez have been assessed and the City has agreed to pay the judgment, nothing further remains to be adjudicated.[3] Although plaintiff purports to seek punitive damages against the City, they are unavailable in a § 1983 action against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

The jury found that only a common law tort under state law was committed against plaintiff Aparicio, for which damages were awarded. On the state law claim, with respect to the City's liability, the pretrial conference order reserved the issue of whether plaintiffs' injuries were proximately caused by the intentional, bad faith refusal or the negligence of the City "in failing to adequately supervise its police department."[4]

First, as under federal law, the City is not liable for punitive damages under state law. Cal.Gov't Code § 818. Therefore, only actual damages would be recoverable against the City. Again, even assuming that one of the proximate causes of the tort inflicted on plaintiff Aparicio was the City's failure adequately to supervise its police department, no additional damages are available for the harm that was, in fact, found by the jury to have been inflicted upon him. Thus, like the federal claim, nothing further remains to be adjudicated.[5]

. Both state and federal claims are now moot because nothing of consequence turns on their adjudication. The issues of "governmental custom" and negligent supervision have been rendered hypothetical by the jury's verdicts on plaintiffs' claims against the police officer defendant and the City's recognition of its obligation under state law to pay the judgment. Plaintiffs contend that adjudication of the remaining claim is important because any judgment adverse to the City could be used in future cases to establish custom and policy under *Monell*. It should be obvious that whether or not a live controversy remains cannot be decided on the basis of what may be important for some future case.

The reach of this Court's jurisdiction is constitutionally limited to Article III "cases and controversies." *Pomerantz v. County of Los Angeles*, 674 F.2d 1288, 1291 (9th Cir.1982). Since, in the present posture of the case, what is now sought amounts to no more than an "advisory" adjudication against the City, the remaining claims must be dismissed. *United Public Workers v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). Because Article III considerations implicate subject matter jurisdiction, dismissal under F.R.Civ.P. 12(b)(1), rather than summary judgment under F.R.Civ.P. 56, is appropriate.

---

**3.** Plaintiff Aparicio's *Monell* claim against the City has been mooted entirely by the jury's finding that his constitutional rights were not violated. It follows, necessarily, from that finding that there could not have been any violation which was pursuant to a custom or policy of the City.

**4.** Although state law recognizes a municipality's *respondeat superior* liability, Cal.Gov't Code § 815.2, no such claim has been asserted directly against the City based on defendant Poisson's "act or omission".

**5.** The same analysis applies to plaintiff Sanchez's state law claims.

The judgment on the verdict will incorporate the City's agreement to be liable thereunder and a dismissal of all remaining claims.