Rudy PALMERIN and Joe Palmerin, Plaintiffs/Appellants,

v.

CITY OF RIVERSIDE, Ab Brown, Ron Loveridge, Ed Sheppard, Jean Mansfield, Robert Bowers, Robert Buster, Sam Digati, Terry Frizzel, Doug Weiford, Vic Jones, Sonny Richardson, Terry Redfearn, Douglas Riggle, Gary Barnes, Thomas Buckingham, Henry Lucas, Warren Holm, Robert Arnold, John Burtt, Peter Curzon, Gary Crawford, Richard Bradley, Randall Eggleston and Wallace Rice, Defendants/Appellees.

No. 85–5590.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1985.

Decided July 21, 1986.

Stephen Yagman, Yagman & Yagman, Los Angeles, Cal., for plaintiffs/appellants.

John M. Porter, Riverside, Cal., for defendants/appellees.

Before FLETCHER, PREGERSON, and CANBY, Circuit Judges.

PREGERSON, Circuit Judge.

While investigating a narcotics violation, two City of Riverside police officers scuffled with two suspects and members of the suspects' family. Four people subsequently pled guilty to various misdemeanor charges. Family members sued the officers and the City of Riverside under 42 U.S.C. § 1983 alleging the use of excessive force during the arrests. A jury found no constitutional violations and acquitted the officers. The district court then dismissed all claims against the City. One of the suspects and his brother appeal, contending that the introduction of guilty pleas and of seized marijuana into evidence was reversible error. They also assert that the dismissal of the City was premature. We affirm.

## FACTS

As they approached an illegally parked van, City of Riverside police officers Terry Redfearn and Douglas Riggle ("the officers") noticed two people in the van concealing bags of what proved to be marijuana. One person, Phillip Palmerin, remained in the van. The other person, Phillip's cousin Rudy Palmerin, left the van and entered the nearby yard of Rudy's parents' house. Rudy refused to comply with the officers' request to accompany them into the street, and a scuffle developed in the yard. Rudy's brother, Joseph Palmerin, and their parents, Richard and Cruz Palmerin, then all joined the scuffle.

Subsequently, Rudy pled guilty to "resisting, delaying or obstructing" a police officer under Cal. Penal Code § 148. Joseph and Richard Palmerin pled guilty to disturbing the peace under Cal. Penal Code § 415(3). Phillip Palmerin pled guilty both to resisting arrest under section 148 and to possession of marijuana under Cal. Health & Safety Code § 11357(b). These crimes are all misdemeanors. Cruz Palmerin was not charged with any offense.

In two separate actions under 42 U.S.C. § 1983, Rudy and Joseph Palmerin and Richard and Cruz Palmerin sought damages from the officers involved in the scuffle, other officers, and the City of Riverside and City council members ("City defendants"), alleging that the officers' behavior violated the fourth amendment's prohibition against the use of excessive force in effecting an arrest. After a two-day trial,[1] the district court directed verdicts in favor of all the police officers except Redfearn and Riggle. The jury then found in favor of Redfearn and Riggle, and, after further deliberations, expressly found that the officers had committed no violations of the Palmerins' constitutional rights. The district court then dismissed the remaining claims against the City defendants under Fed.R.Civ.P. 12(b)(1).

In a timely appeal, Rudy and Joseph Palmerin ("the Palmerins") contend that the district court improperly admitted into evidence the guilty pleas of Rudy, Joseph, Phillip, and Richard Palmerin, and the marijuana found in Phillip Palmerin's possession by the officers. They further contend that the district court's dismissal of the City defendants was premature.

---

1. The two suits were consolidated for trial. Richard and Cruz Palmerin did not appeal the district court's rulings or the jury's verdicts.

Phillip Palmerin was never a party to the section 1983 suits.

## STANDARD OF REVIEW

We will uphold rulings on the admissibility of evidence unless admitting the evidence was an abuse of the district court's discretion. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 n.5 (9th Cir.1984). We review a district court's decision on balancing probative value against prejudicial harm under Fed.R.Evid. 403 for an abuse of discretion. *United States v. Rubio*, 727 F.2d 786, 798 (9th Cir.1983). The district court's dismissal of the City defendants raises an issue of law which we review *de novo*. *Guillory v. County of Orange*, 731 F.2d 1379, 1381 (9th Cir.1984).

## DISCUSSION

### I. *The Guilty Pleas*

Before trial, counsel for Cruz and Richard Palmerin unsuccessfully sought to exclude admission of the guilty pleas from evidence by a motion *in limine*.[2] The district court held that the pleas were relevant to the issue of excessive force because the pleas constituted admissions of resistance to the officers. The Palmerins argue that the guilty pleas are not relevant to their claims of excessive force by the officers, that they constitute impermissible character evidence, and that, even if relevant, the prejudice to the Palmerins substantially outweighed the probative value.

### A. *Timeliness of Objections*

The City argues that the Palmerins' failure to object contemporaneously during trial to the admissibility of the pleas into evidence bars them from raising the issue on appeal. *See* Fed.R.Evid. 103(a)(1). The law in this circuit is unclear regarding whether an unsuccessful pretrial motion *in limine* will preserve for appeal an objection to the introduction of disputed evidence at trial. *See Burgess v. Premier Corp.*, 727 F.2d 826, 836 (9th Cir.1984). In *Burgess*, however, we were able to resolve the appeal without reaching the issue. *Id.* Two apparently conflicting decisions, decid-

ed in different contexts, generated this confusion.

In *United States v. Helina*, 549 F.2d 713 (9th Cir.1977), a criminal prosecution for tax evasion, defense counsel made a pretrial motion *in limine* to exclude any evidence that Helina had exercised his fifth amendment rights and had refused to provide records to the IRS. *Id.* at 715. The trial court sustained the motion with respect to direct testimony, but refused to prevent cross-examination and rebuttal on these issues. *Id.* This court denied Helina's contention that the prosecutor's questions to Helina on cross-examination relating to Helina's failure to provide records to the IRS amounted to improper prosecutorial conduct in violation of his fifth amendment rights. *Id.* at 717–18. The court reviewed the prosecutor's behavior for plain error because defense counsel had failed to object contemporaneously during trial when the comments were made. *Id.* at 718. The court stated: "His *in limine* motion having been denied ..., defense counsel once more bore the burden of making a proper objection at the appropriate time." *Id.*

Three years later, in *Sheehy v. Southern Pacific Transportation Co.*, 631 F.2d 649 (9th Cir.1980), we reached an apparently contrary conclusion. Sheehy sued his employer for workplace injuries under the FELA. In a pretrial motion *in limine*, plaintiff's counsel sought to exclude references to collateral benefits received by Sheehy. The trial court ruled that evidence of the amount of benefits was admissible on the issue of Sheehy's motivation to resume working and malingering, but that the source of the benefits and the term "pension" could not be mentioned. *Id.* at 651. On cross-examination, defense counsel questioned Sheehy about his benefits' income during his extended time off work. *Id.* No contemporaneous objection was made. *Id.* This court found that the admission of evidence of collateral benefits was reversible error under *Eichel v. New*

---

**2.** This motion was apparently supported by Rudy and Joseph Palmerin, but their counsel

did not participate in argument on the motion *in limine*.

*York Central Railroad Co.*, 375 U.S. 253, 255, 84 S.Ct. 316, 317, 11 L.Ed.2d 307 (1963). *Sheehy*, 631 F.2d at 651–52. In so holding, this court without citing *Helina*, rejected the contention that Sheehy waived his right to raise the matter on appeal by failing to object contemporaneously to the evidence: "Sheehy's attorney objected during the pretrial arguments to the court's ruling that the evidence was admissible. The objection at that time was on record and at least under these circumstances was adequate to preserve the right on appeal." *Id.* at 652–53.

*Helina* and *Sheehy* are distinguishable from each other. The disputed matter in *Helina* related to whether the prosecutor's behavior in asking questions permited by the *in limine* motion violated Helina's constitutional rights by improperly commenting on his invocation of the privilege against self-incrimination. The issue is not precisely the one that was the subject of the motion *in limine*, and it is one that is highly dependent upon the trial context. We therefore required contemporaneous objection to review for more than plain error. By contrast, the evidence in *Sheehy* was elicited in direct response to questions sanctioned through the rejection of the *in limine* motion by the court. The objection was adequately covered by the motion *in limine* and we held that the point was preserved for appeal. We therefore do not interpret either *Helina* or *Sheehy* as requiring us to adopt an all-or-nothing rule.

The uncertainty in this circuit concerning whether a contemporaneous objection is required following an unsuccessful pretrial motion *in limine* is mirrored by a sharp division of views among the circuits.

Some circuits require that "[o]bjection must be made in the trial court unless a good reason exists not to do so," notwithstanding an unsuccessful pretrial motion *in limine*. *Rojas v. Richardson*, 703 F.2d 186, 189–90 & n. 3, *opinion set aside for other reasons on rehearing*, 713 F.2d 116 (5th Cir.1983); *see also Northwestern Flyers, Inc. v. Olson Bros. Manufacturing Co.*, 679 F.2d 1264, 1275 n. 27 (8th Cir. 1982).

In contrast, the Third Circuit recently held that no formal objection at trial is necessary where the pretrial motion adequately resolves the admissibility of the disputed evidence "with no suggestion that [the trial court] would reconsider the matter at trial." *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324–25 (3d Cir.1985). The Third Circuit panel concluded that "if an issue is fully briefed and the trial court is able to make a definitive ruling, then the motion *in limine* provides a useful tool for eliminating unnecessary trial interruptions." *Id.* at 324. Similarly, the District of Columbia Circuit has stated that where the court has already indicated its views in no uncertain terms, it would "exalt form over substance" to require further objection. *United States v. Williams*, 561 F.2d 859, 863 (D.C.Cir.1977).[3]

The rule followed by the Fifth and Eighth Circuits requires a contemporaneous objection to the admissibility of the evidence during trial to preserve the matter for appeal. This rule ensures that the evidentiary appeal is based on the actual form and timing of the attempt to introduce the evidence, rather than on an essentially

---

**3.** *See also* 21 C. Wright & K. Graham, *Federal Practice and Procedure*, § 5037 at 195 (1977) ("If a ruling is made at the pretrial stage, it is 'timely' and there is no need to renew the objection at trial."); 1 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 103[02] at 103–17 (1982) ("Ultimately, whether or not the pretrial objection is deemed sufficient to preserve error may well depend upon whether the appellate court feels that justice was done at the trial level.").

State courts are split on whether a contemporaneous objection during trial is required to preserve a right to appeal on an evidentiary matter admitted over a denied motion *in limine*.

*Compare Reeve v. McBrearety*, 8 Kan.App.2d 419, 422, 660 P.2d 75, 77 (1983); *State v. Harper*, 215 Neb. 686, 687–88, 340 N.W.2d 391, 393 (1983); *Kaiser v. State*, 673 P.2d 160, 161–62 (Okla.Crim.1983); *State v. Lesley*, 672 P.2d 79, 82 (Utah 1983); Gamble, *The Motion in Limine: A Pretrial Procedure That Has Come of Age*, 33 Ala.L.Rev. 1, 16 (1981) (objection during trial required); *with State v. Sisneros*, 137 Ariz. 323, 325, 670 P.2d 721, 723 (1983); *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285–86, 260 S.E.2d 20, 22 (1979) (*in limine* motion preserves objection for appeal).

hypothetical situation suggested by the pretrial motion *in limine*. However, despite its "bright line" advantages, we reject this approach because it raises the danger that an unsuccessful motion *in limine* will serve as a trap for unwary counsel and bar an appeal of a meritorious issue on essentially technical grounds. We prefer the more flexible approach of *Sheehy* and the Third Circuit.

Pretrial motions are useful tools to resolve issues which would otherwise "clutter up" the trial. Such motions reduce the need for sidebar conferences and argument outside the hearing of the jury, thereby saving jurors' time and eliminating distractions. *See Judge's Manual for the Management of Complex Criminal Jury Cases* § 2.2 (1982) (District judges should "[e]ncourage counsel to bring motions *in limine* on evidentiary questions. This will prevent disruptions at trial which could render the proceedings incoherent to the jurors.") *Manual for Complex Litigation Second* § 32.23 at 271–72 (1985) ("By addressing these [evidentiary issues] before trial [through motions *in limine*], judge and the attorneys may be able to give them more deliberate and careful consideration than if the issues were raised for the first time during trial, and pretrial rulings on critical evidentiary questions permit the trial to be conducted more efficiently and effectively.").

The Federal Rules of Civil Procedure state that formal exceptions to court rulings are unnecessary. Fed.R.Civ.P. 46. To require invariably a contemporaneous objection after a rejected *in limine* motion would be tantamount to requiring formal exceptions. This would exalt the form of timely objection over the substance of whether a proper objection has been made and considered by the trial court.

■ We, therefore, reject an invariable requirement that an objection that is the subject of an unsuccessful motion *in limine* be renewed at trial. We adopt the approach of *Sheehy* and *American Home*. Accordingly, we hold that where the substance of the objection has been thoroughly explored during the hearing on the motion *in limine*, and the trial court's ruling permitting introduction of evidence was explicit and definitive, no further action is required to preserve for appeal the issue of admissibility of that evidence. In applying this approach, we find that the Palmerins have preserved their objection for appeal. The substance of the objection to the admission of the guilty pleas was thoroughly explored during the hearing on the motion *in limine*, and the trial judge's ruling was explicit and definitive. There was no hint that the ruling might be subject to reconsideration. Perhaps most important, there was nothing in the manner or context in which the guilty pleas were introduced at trial that was unforeseen or that cast any doubt on the applicability of the trial court's *in limine* ruling. Accordingly, we permit the Palmerins to raise on appeal their objections to introduction of the guilty pleas.[4]

#### B. *The Denial of the In Limine Motion*

■ The Palmerins wrongly characterize the guilty pleas as character evidence. The

---

**4.** It is important to distinguish the situation here, where the *in limine* motion fails and the evidence is introduced at trial, from the situation where the result of the *in limine* motion is that the evidence is not used at trial. In *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984), the Supreme Court concluded that a defendant could not appeal an unsuccessful *in limine* motion to exclude certain impeaching evidence when he did not take the stand to testify because the disputed evidence was never before the jury. Two concurring justices stated that *Luce* was limited to the prior felony impeachment rule of Fed.R.Evid. 609(a), 105 S.Ct. at 464 (Brennan J., concurring). The Court's principal rationale was that the subtle-ties of timing and manner of introduction of the disputed evidence were critical to appellate determinations of prejudicial effect and harmless error. *Id.* at 463–64; *cf. Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir.1985) (no interlocutory appeal available for *in limine* motion excluding evidence of prior sexual history because reviewing court cannot determine prejudice absent a trial). However, where the evidence is in the record over an *in limine* objection, even though an additional contemporaneous objection was not made when the evidence was admitted at trial, an appellate court's ability to review the impact of the disputed evidence on the jury is unimpaired.

**4**

ity pleas of Richard, Rudy, and Joseph ₊lmerin were introduced during cross-examination of Richard Palmerin. An objection to the introduction of Phillip Palmerin's guilty plea at this time was sustained. The federal rules bar the use of "[a]ny circumstantial evidence that requires an inference of a person's character to make it relevant...." 22 C. Wright & K. Graham, *Federal Practice and Procedure*, § 5233 at 361 (1978). *See* Fed.R.Evid. 404. Here, the pleas were not offered to indicate the Palmerins' general propensity to violence. Rather, the officers offered the guilty pleas as evidence relating to the situation to which they were responding.

Since the accusation against the officers ·was that they used unconstitutionally excessive force, the jury had to assess what level of force was appropriate in the particular circumstances. In the guilty pleas, the Palmerins admitted that the force they had used against the officers exceeded that permitted by law. These admissions were relevant in enabling the jury to assess the appropriateness of the officers' response as described in the Palmerins' direct testimony. Thus, in these circumstances, the district court did not abuse its discretion in admitting the pleas since any prejudicial effect was "substantially outweighed" by their probative value. Fed.R.Evid. 403.

## II. *The Marijuana*

■ In a further pretrial ruling, the district court overruled the Palmerins' objection to the admission into evidence of the marijuana seized in Phillip Palmerin's van, and of Phillip's subsequent plea of guilty to possession of marijuana. The transcribed district court record does not include that part of the trial in which these two items of evidence were introduced. Our rules require that when an appeal is based upon a

5. At oral argument, neither party's counsel could recall with any certainty whether either the marijuana or the convictions were formally admitted as evidence.

6. The jury was asked the following question:

"State which of the following finding was the basis of your verdict:

challenge to the admission of evidence, a copy of the pages of the reporter's transcript at which the evidence and any objection thereto is recorded must be included. U.S. Ct. of App. 9th Cir.R. 13(a)(1)(B). We cannot review whether a district court has abused its discretion in admitting certain evidence without some documentary indication of whether and under what circumstances the disputed evidence was offered and admitted.[5] The responsibility for designating all or part of the record for transcription rests entirely with the party seeking to contest what transpired during that part of the trial. In the absence of a transcript showing that the challenged items were introduced into evidence, or of any adequate reason for this omission, we dismiss that part of the Palmerins' appeal contesting the admission of the marijuana and of Phillip's conviction.

## III. *The Monell Claims*

Relying on *Sanchez v. City of Riverside*, 596 F.Supp. 193, 195 n. 3 (C.D.Cal.1984), the district court dismissed all remaining claims against the City defendants. This dismissal followed the jury's response to a supplementary jury interrogatory which confirmed that the officers had been absolved of liability because they had committed no constitutional violations.[6]

■ A valid claim of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) requires a showing that the individual's constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Id.* at 690, 98 S.Ct. at 3035. In *Sanchez*, the court reasoned that, absent any constitutional violations by the individual defendants, there can be no *Monell* liability. 596 F.Supp. at 195 n. 3. The

1. No constitutional violations were committed by the defendant.
   _____
   (Yes or No)
   or
2. Although constitutional violations were committed, the defendant's actions were objectively reasonable and taken in good faith.
   _____
   (Yes or No)"

The jury answered question one affirmatively.

logic of *Sanchez* is obviously correct: while a *Monell* claim is possible where the officers' acquittal is due to the good faith immunity accorded certain individuals under section 1983, *see Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), it is not possible, by its own terms, if the officers acted constitutionally. *See also City of Los Angeles v. Heller,* —— U.S. ——, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis in original).

AFFIRMED.