990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. HARRISON, Petitioner-Appellant,
v.
Daniel R. STOKKE, individually and in his official capacity
as a Seattle Police Detective; Jane Doe Stokke,
and the marital community thereof;
Seattle Police Department,
Respondents-Appellees.
 No. 90-35876.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-89-627-JCC, John C. Coughenour, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Harrison, a Washington State prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action.[1] Harrison contends that Stokke, acting in accord with Seattle Police Department policy, violated Harrison's constitutional right to due process by using a photo montage containing Harrison's picture from which crime victim Lynette Friberg identified Harrison as her assailant.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fu-Kong Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Moreover, general or conclusory allegations will not withstand a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 The use of a photo montage to assist a victim to identify an assailant does not violate due process unless the procedure is so impermissibly suggestive as to lead to a substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384 (1968); Denham v. Deeds, 954 F.2d 1501, 1504 (9th Cir.1992). In addition, a claim under section 1983 must allege more than mere negligence. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992).
 
 
 5
 Here, the evidence showed that Stokke followed standard police policy when he showed Friberg the montage; he did not influence her to identify Harrison as her assailant. Harrison did not counter that evidence with any specific factual allegations. Rather, he repeatedly asserted, in general and conclusory terms, that Stokke conspired with Friberg to identify Harrison. Thus, Stokke is entitled to judgment as a matter of law because Harrison was unable to show that the photo montage was unduly suggestive. See Simmons, 390 U.S. at 384; see also Taylor, 880 F.2d at 1045-46. Further, because Harrison could not show that Stokke acted unconstitutionally, the Seattle Police Department is not liable. See Palmerin v. City of Riverside, 794 F.2d 1409, 1415 (9th Cir.1986).
 
 
 6
 Accordingly, we affirm the district court's summary judgment.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a companion appeal, Harrison appealed the district court's denial of his motion to vacate the judgment. That appeal was dismissed on June 17, 1991. See Harrison v. Stokke, No. 91-35149 (9th Cir. June 17, 1991) (order dismissing appeal). Thus, the issue of the denial of the motion to vacate is not before the court on this appeal
 
 
 [2]
 Harrison also alleges that the district court erred by refusing to grant his request for counsel to represent him in this civil suit. Although a district court may appoint counsel to represent an indigent defendant pursuant to 28 U.S.C. § 1915(d), the court will exercise that power only in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). The district court focuses its decision on factors such as the plaintiff's likelihood of success on the merits and the complexity of the issues involved. See id. Although Harrison alleges that the issues in this action are so complex that he cannot properly litigate them without the assistance of counsel, the district court did not abuse its discretion by determining that the difficulties Harrison has encountered are no more exceptional than those of every other pro se litigant. See id. This court also denied Harrison's request for counsel on appeal in a separate motion
 
 
 [3]
 On March 16, 1992, we denied Harrison's motion for appointment of counsel. On June 3, 1992, Harrison filed an affidavit again requesting appointment of counsel and apparently requesting summary reversal. We denied his request for summary reversal on October 27, 1992. On November 6, 1992, Harrison filed a letter seeking clarification of the latter order. We now deny that motion because the order is self-explanatory
 On January 14, 1993, we construed Harrison's June 3, 1992 request as a motion to reconsider our March 16, 1992 order and denied the motion to reconsider. Appellant's letter of January 26, 1993 is construed as a motion to reconsider our order of January 14, 1993. So construed, this motion is denied. This memorandum disposition constitutes our final judgment in this appeal. Fed.R.App.P. 36.