990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Steven BUSTAMANTE, aka: George S. Bustamonte, Jr.,
Defendant-Appellant.
 No. 91-50302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided April 2, 1993.
 
 Before D.W. NELSON, HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant George Bustamante appeals his conviction for bank robbery in violation of 18 U.S.C. § 2133(a). He contends that the district court erred in denying his motions to suppress evidence and to disallow an impermissibly suggestive in-court identification. Bustamante also appeals his sentence under the Sentencing Guidelines on the ground that a prior 1973 conviction should not have been considered in deciding whether he was a career offender. For the reasons stated below, we affirm both Bustamante's conviction and his sentence.
 
 FACTS
 
 3
 On June 15, 1990, the Security Pacific Bank in Venice, California was robbed. Shortly after the robbery, a description of the suspect was broadcast over the police radio. Approximately three hours after the robbery, two Los Angeles police officers responded to a complaint about a man screaming in a room at the Vita Motel, located about one mile from the bank. The room was registered to Cynthia Baugh, her fourteen year-old son, and her sister Teri Baugh, all of whom were then living at the motel. The officers testified that when they arrived they could see several persons in the room including a man, later identified as Bustamante, who was kneeling on the floor, yelling, tossing his head, and occasionally striking his head against the wall. The officers instructed the people in the room to go outside. One of the officers then conducted a protective sweep. During the sweep, the officer saw a brown paper bag full of cash lying open in the shower stall in the bathroom. The officers seized the bag, inspected it further, and arrested Bustamante for the robbery.
 
 
 4
 Prior to his trial, Bustamante made a motion to suppress introduction of the brown paper bag and the money into evidence which was denied. Bustamante also filed a motion in limine to prevent his in-court identification by a witness who had previously been unable to identify him from a photographic lineup. This motion was also denied, but the district court did not articulate its reasons for doing so. Bustamante was tried and convicted by a jury, and subsequently sentenced as a career offender to 210 months imprisonment and three years supervised release.
 
 DISCUSSION
 A. Motion to Suppress
 
 5
 Bustamante contends that the district court erred in denying his motion to suppress on the ground that the evidence was obtained as the result of a warrantless entry into and search of the motel room which was not justified by any recognized exception to the warrant requirement. The government responds that Bustamante has no standing to contest the entry into and search of the motel room, and that the seizure and subsequent search of the paper bag was justified by the plain view exception to the Fourth Amendment.
 
 1. Standing
 
 6
 Initially, the government challenges Bustamante's standing to contest the officers' entry into and protective sweep of the motel room. Although it was raised below, the district court made no ruling on this issue.
 
 
 7
 Nonetheless, this court may affirm the district court's decision to deny the motion to suppress on any basis that is fairly supported by the record. United States v. Johnson, 820 F.2d 1065, 1072 n. 7 (9th Cir.1987).
 
 
 8
 In order to challenge the police officer's warrantless entry into the motel room and subsequent protective sweep, Bustamante must demonstrate that he had a "legitimate expectation of privacy in the area searched." United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir.) (per curiam), cert. denied, 484 U.S. 837 (1987). Guests are assumed to have a reasonable expectation of privacy within a home to which they are invited since this is an expectation of privacy that the community is "prepared to recognize as 'reasonable.' " Minnesota v. Olson, 495 U.S. 91, 96 (1990); see also Grandstaff, 813 F.2d at 1357. A motel room may be defined as the home of registered guests, notwithstanding that it is probably only a temporary abode. United States v. Winsor, 846 F.2d 1569, 1572 (9th Cir.1988) (en banc). However, "mere presence" in someone's home does not confer upon a person the status of a guest. Grandstaff, 813 F.2d at 1357. Thus, Bustamante must establish more than the fact that he had permission to be in the Baughs' motel room; he must establish that he was present as their guest.
 
 
 9
 There is no evidence to indicate that Bustamante held the status of a guest. The fact that Bustamante was invited into the room by Teri Baugh's fourteen year-old nephew proves only that Bustamante was legitimately present in the motel room. There is no evidence, however, that he had slept in the motel room, that he had been given control over the premises by the Baugh sisters, or that he had in any way been invited to treat their "home" as his own. Indeed, Cynthia Baugh testified that she did not know Bustamante and Teri Baugh testified that she did not know him "very well." The only person Bustamante seemed to know well was Teri Baugh's boyfriend, who was registered in another room. Accordingly, we find that Bustamante is without standing to challenge the entry into the motel room or the protective sweep.[1]
 
 
 10
 Next, Bustamante contends that if this court finds that he does not have standing, the case must be remanded to the district court to give him an opportunity to establish that he was a guest of the Baughs. This argument is without merit. The issue of Bustamante's standing was before the district court, and nothing prevented Bustamante from submitting such facts to the court at that time. He cannot argue now that his decision not to avail himself of the opportunity to brief fully the standing issue below constitutes a denial of due process.
 
 2. The Seizure of the Paper Bag
 
 11
 We next turn to the issue of the seizure and subsequent inspection of the brown paper bag. The record supports a finding that the seizure and subsequent search of the bag was justified under the plain view doctrine. "The plain-view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity." Illinois v. Andreas, 463 U.S. 765, 771 (1983) (emphasis supplied). Items found in plain view during a protective sweep may be seized. Maryland v. Buie, 494 U.S. 325, 330 (1990). The plain view doctrine presupposes that once an officer is lawfully in a position to observe an item, the owner's privacy interest in that item is lost. Andreas, 463 U.S. at 771.
 
 
 12
 The officer in this case had probable cause to seize the brown paper bag which he observed in plain view on the shower stall floor. Prior to observing the bag, the police had reason to believe that Bustamante was under the influence of PCP. The officer testified that when he entered the bathroom he observed money in an open paper bag lying on the shower stall floor: an odd place to keep legitimate funds. He also stated that "because the Vita Motel is a known spot to buy and sell drugs, at first I thought the money might be drug money." The officer had probable cause to believe that the bag and its contents were evidence of a crime (ironically, however, not evidence of the crime of bank robbery) based on his observation alone.
 
 
 13
 Given that the officer had probable cause to seize the bag based on his observation alone, he also had probable cause to search the bag further. Arizona v. Hicks, 480 U.S. 321, 325-26 (1987). As Hicks observed, "[i]t would be absurd to say that an object could lawfully be seized and taken from the premises, but could not be moved for closer examination." Id. at 326. In other words, probable cause will be inferred to search all areas of an object if prior to the search the object is in plain view and probable cause exists to seize it. See also United States v. Williams, 822 F.2d 1174, 1182 (D.C.Cir.1987) (when a container "proclaims [its] contents," as in the situation where the container is "partially open," a further inspection of the item does not constitute a search since "apprehension of that which is already in plain view ... does not infringe any reasonable expectation of privacy").
 
 
 14
 Accordingly, the district court's denial of Bustamante's suppression motion is affirmed.
 
 B. In-Court Identification
 
 15
 Second, Bustamante contends that the district court abused his right to due process by allowing an in-court identification that was impermissibly suggestive.
 
 
 16
 The first issue before us is the appropriate standard of review. Bustamante failed to make a contemporaneous objection to the in-court identification. The government argues that Bustamante's failure to object constituted a waiver which would permit reversal only for plain error. We disagree. We held in United States v. Wood, 943 F.2d 1048, 1054 (9th Cir.1991), that when the substance of the objection has completely been explored during the hearing on the motion in limine, and when the trial court's denial of the motion is "explicit and definitive," no further action is required to preserve the issue of admissibility of that evidence for appeal. Id. at 1054 (quoting Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir.1986)).
 
 
 17
 Here, the trial court's ruling on the in limine motion was definitive and explicit. The record indicates that the court was fully aware of the substance of the objection and that the matter had been fully briefed. Moreover, "there was nothing in the manner or context" in which the in-court identification was made "that was unforeseen or that cast any doubt on the applicability of the trial court's in limine ruling." Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir.1986). Accordingly, the issue of the admissibility of the in-court identification testimony was properly preserved for appeal. We review the trial court's decision to allow an in-court identification for abuse of discretion. United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992).
 
 
 18
 Turning to the substance of Bustamante's claim, we note that his claim is atypical. Bustamante does not challenge the suggestiveness of the pre-trial identification. Rather, he challenges the reliability of the witness on the grounds that: 1) she failed to identify him from a photo-spread seven days after the bank robbery; and 2) her description of the bank robber in no way matched his actual physical attributes. Significantly, Bustamante does not challenge the identification procedure itself.
 
 
 19
 Our previous decisions emphasize that the issue of witness reliability goes to the question of credibility, not to the question of admissibility. United States v. Domina, 784 F.2d 1361, 1367-69 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987). Questions of credibility do not involve Due Process concerns. Id. at 1369. Bustamante had an opportunity to cross-examine the witness and to point out that her description of the robber did not square with her subsequent identification of him. Id. While the record does suggest that the witness's in-court identification is not overly reliable given her initial description of the robber, nothing in the procedure of the in-court identification suggests that Bustamante's due process rights were violated. The district court's denial of Bustamante's motion is affirmed.
 
 
 20
 C. Collateral Attack on the Prior Conviction
 
 
 21
 Bustamante's final claim concerns the application of the career offender provision of the Sentencing Guidelines. See U.S.S.G. § 4B1.1. In 1973, Bustamante was convicted of assault with a deadly weapon. The district court counted this conviction for purposes of U.S.S.G. § 4B1.1. Bustamante argues both that the district court erred in not allowing him to collaterally attack the constitutionality of this prior conviction, and that the district court erred in entertaining his challenge but rejecting it.
 
 
 22
 We need not address Bustamante's argument that the district court erred in not entertaining his collateral attack since the lower court in fact allowed the attack. The district court continued sentencing for five weeks to permit the parties to explore the validity of the prior conviction, and the parties fully briefed the issue. Without specifically addressing the merits of the collateral challenge, the district court proceeded to sentence Bustamante as a career offender. We interpret this action to reflect a, albeit implicit, judgment that Bustamante had not met his burden of showing that his prior conviction was constitutionally invalid. This case is therefore unlike United States v. Vea-Gonzales, No. 91-30469 (Feb. 1993).
 
 
 23
 The question remaining for us is whether the district court erred in finding that Bustamante's prior conviction was constitutionally valid. We must accept the district court's finding of facts unless they are clearly erroneous. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 24
 Bustamante argues that his 1973 conviction is constitutionally invalid because neither his trial nor his appellate counsel objected to a three year delay between the commission of the offense and Bustamante's prosecution. Bustamante argues that this failure to object to the delay demonstrates ineffective assistance of counsel, because the law regarding impermissible delay was in such a state of flux that (1) any competent defense attorney would have challenged the pre-indictment delay, and (2) such a challenge stood a reasonable probability of resulting in a dismissal of the indictment or a reversal of the conviction.
 
 
 25
 To succeed on his claim of ineffective assistance of counsel, Bustamante must show that the attorney's actions fell "outside the wide range of professionally competent assistance," and that "there [was] a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Layton, 855 F.2d 1388, 1414 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 26
 At the time of Bustamante's sentencing, the district court had before it the unpublished opinion of the California appeals court which had heard Bustamante's appeal from his 1973 conviction. In its statement of facts, the California appeals court noted that Bustamante had been arrested for assault with a deadly weapon shortly after the 1970 shooting of the victim, but that the District Attorney declined to prosecute him. Three years later, Bustamante was arrested on a traffic warrant. After being advised of his Miranda rights, he volunteered that he had shot Mrs. Keened, the victim of the 1970 shooting. Following this confession, the prosecution was revived and Bustamante was tried and convicted.
 
 
 27
 Although the law was somewhat influx, it appears that Bustamante would have to establish that the government was at least negligent in failing to bring charges against him earlier, in order to have had a potentially meritorious challenge to the delay. Jones v. Superior Court, 3 Cal.3d 734, 738 (1970). These facts, which were not disputed by Bustamante at his sentencing hearing, do not suggest that the government was negligent in waiting to file charges against him. Rather, the government's original decision not to prosecute Bustamante apparently stemmed from its conclusion that it had insufficient evidence. Conversely, in 1973 the government was armed with a confession.
 
 
 28
 Bustamante has not shown that he had a reasonable probability of succeeding on a challenge of prosecutorial delay. Nor do the facts show that it was outside the range of professional competence for an attorney to decline to challenge the delay, under the circumstances. Accordingly, the district court did not err in determining that Bustamante failed to show that the 1973 conviction was constitutionally invalid. The sentence is affirmed.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bustamante mistakenly thinks that the government challenges his standing to contest both the entry into the motel room and the seizure of the brown paper bag. Bustamante contends that United States v. Isaacs, 708 F.2d 1365 (9th Cir.), cert. denied, 464 U.S. 852 (1983), precludes the government from arguing that Bustamante lacks standing. Unlike the instant case, however, Issacs involved a challenge to the defendant's standing based on his lack of possessory interest in the item seized. We held that the government could not challenge defendant's possessory interest in an item for purposes of standing and then turn around an argue that the defendant did have a possessory interest for purposes of guilt. Id. at 1368. In this instance, the government does not contest Bustamante's possessory interest in the paper bag or his standing to challenge its seizure. Rather, the government challenges only his standing to contest the initial entry into and sweep of the motel room