37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stacy GILLIAM, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Sherman Block, Sheriff; P. Geisler;
Jerome Russick, et al., Defendants-Appellees.
 No. 92-56006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Submission Vacated May 26, 1994.
Resubmitted July 13, 1994.
Decided Oct. 6, 1994.
 
 Before: BROWNING, FERGUSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Stacy Gilliam appeals the district court's entry of judgment in favor of all defendants in his 42 U.S.C. Sec. 1983 action. He alleges that County deputy sheriffs violated his Fourth Amendment rights during his arrest on April 23, 1989, and that the County's official municipal policy regarding the training of deputies in the use of police dogs constitutes a violation of his constitutional rights pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). Gilliam also appeals the court's entry of judgment in favor of defendants with respect to his pendent state law causes of action of assault, battery and negligence. Finally, Gilliam asserts error in a number of the district court's evidentiary rulings and jury instructions.
 
 I. Non-Monell Claims
 A. State Law Causes of Action
 
 3
 The pretrial order states that "the liability of the County of Los Angeles and Sherman Block under Monell shall be bifurcated from the other causes of action and that the other causes be tried prior to the Monell issues." The non-Monell issues involved Gilliam's state law causes of action and his excessive force claim under Sec. 1983. Thus, the order, which was prepared and signed by plaintiff, belies his assertion that the state law causes of action against the Sheriff and the County of Los Angeles were to be tried in the second phase.
 
 
 4
 After the presentation of evidence, the only theory of relief submitted to the jury was plaintiff's Sec. 1983 claim based on the use of excessive force. Neither party requested and the jury was not instructed on the exoneration of the deputies by reason of qualified immunity. The jury returned a special verdict in favor of the deputies. That special verdict stated that the deputies did not violate the civil rights of the plaintiff by the use of excessive force. Based on that verdict, the district court entered a judgment on the federal excessive force claim, on all state law causes of action, and the Monell claim on behalf of the deputies, the sheriff and the County.
 
 
 5
 Because plaintiff failed to prosecute his state causes of action in the first phase of the bifurcated trial, the district court dismissed those claims for lack of prosecution. A district court's order dismissing an action for lack of prosecution is reviewed for an abuse of discretion. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991); Citizens Utilities Co. v. American Tel. & Tel. Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).
 
 
 6
 The plaintiff has presented no credible reason why he failed to prosecute his state law causes of action. Furthermore, the record does not reveal any justification for his failure to prosecute them. Thus, the district court did not abuse its discretion in dismissing these causes of action.
 
 B. Sec. 1983 Claim of Excessive Force
 1. Evidentiary Rulings
 
 7
 The plaintiff does not contend that the jury verdict is unsupported by the evidence or that it is against the law. Rather, he challenges some of the district court's evidentiary rulings and the court's rejection of his proposed jury instructions.
 
 
 8
 a. Evidence of Intent
 
 
 9
 During the trial, the plaintiff sought to introduce evidence that (1) the dog handler knew the extent of the injuries the police dogs could inflict, (2) the dog handler acted with malicious intent, and (3) the dog handler's habit or practice of using the dogs demonstrated a pattern of excessive force.
 
 
 10
 Evidentiary rulings are reviewed for an abuse of discretion and will not be reversed absent some prejudice. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986).
 
 
 11
 Excessive force claims are subject to an objective reasonableness standard pursuant to Graham v. Connor, 490 U.S. 386 (1989). We decide objective reasonability " 'in light of facts and circumstances confronting [the officers], without regard to their underlying intent or motivation.' " Mendoza v. Block, No. 92-56225, slip op. 5619, 5630, 1994 WL 226647, at * 5 (9th Cir.1994 amended May 31, 1994) (quoting Graham at 397).
 
 
 12
 "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Graham at 397. See also Reed v. Hoy, 909 F.2d 324, 326-30 (9th Cir.1989), cert. denied, 111 S.Ct. 2887 (1991).
 
 
 13
 In light of the status of the law, the district court did not abuse its discretion.
 
 
 14
 b. Other Excluded Evidence
 
 
 15
 In addition to the above offered items of evidence, the district court refused to admit (1) the police report of the incident, and (2) prior deposition testimony.
 
 
 16
 An independent review of the record requires us to conclude that rejection by the district court was well within its discretion. The police report and the deposition testimony were cumulative of the extensive direct and cross examination of the deputies. See Davis v. Mason County, 927 F.2d 1473, 1484 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991).
 
 2. Jury Instructions
 
 17
 The plaintiff contends that it was prejudicial error for the district court to refuse to instruct the jury that using a police dog could be considered an assault with a deadly weapon and likely to cause severe injury, and therefore should be considered deadly force.
 
 
 18
 " 'A failure to give a requested [jury] instruction is not reversible error so long as the trial judge gives adequate instructions on each element of the case.' " Hatrock v. Edward D. Jones & Co., 750 F.2d 767, 774 (9th Cir.1984) (quoting Van Cleef v. Aeroflex Corp., 657 F.2d 1094, 1098-99 (9th Cir.1981)).
 
 
 19
 In this case, the actual jury instructions stated in relevant part:
 
 
 20
 A police dog is a tool of law enforcement. Its use constitutes the use of force. The force resulting from the use of a police dog can be proper or excessive, just as a gun, baton or other tool can be.
 
 
 21
 When deciding whether the force used was proper, you are to base your decision on the same standard applied to other types of force.
 
 
 22
 The district court supplied the jury with a correct statement of the law in equating the use of a police dog with a gun. The plaintiff fails to explain why the court's instruction was inadequate.
 
 
 23
 II. Monell Claim of Defective Training or Supervision
 
 
 24
 As stated above, the pretrial conference order provided that the Monell claim of liability against the county and sheriff was bifurcated from the "other causes of action."
 
 
 25
 In this case, the theory of liability against the deputies was the use of excessive force. The jury was not instructed nor did the defendants claim exoneration under the law of qualified immunity or good faith defenses. Thus, the issue to be determined is whether the jury's finding that the deputies did not violate plaintiff's constitutional rights by use of excessive force in effecting his arrest precludes a Monell claim of defective training or supervision against the sheriff and the county.
 
 
 26
 This case is governed by City of Los Angeles v. Heller, 475 U.S. 796 (1986) (per curiam). In Heller, an individual who was arrested after being stopped on suspicion of driving while intoxicated, sued the arresting officers, police officials, and the City of Los Angeles for damages under 42 U.S.C. Sec. 1983. The district court granted summary judgment in favor of one of the arresting officers while the police officials, the city, and the other officer remained as defendants.
 
 
 27
 The district court held a bifurcated trial, in which it first heard the claims against the remaining individual officer. The jury returned a verdict in favor of the officer, and the district court dismissed the action against the City and its officials, concluding that there could be no basis for their liability where the officer had been exonerated by the jury.
 
 
 28
 On appeal, this court reversed the judgment as to the City and its officials, upholding the plaintiff's contention that the jury could have believed that the officer, having followed police department regulations, was entitled in substance to a defense of good faith, and that such a belief would not negate the existence of a constitutional injury.
 
 
 29
 Because the Heller jury had not been instructed on the law of qualified immunity, the Supreme Court held that, in the absence of such an instruction, the jury's verdict could not be found to have rested on that theory, since juries are presumed to act in accordance with the instructions given to them. Id. at 798. The Court thus concluded that, in the absence of any constitutional injury to plaintiff, there could be no liability under Monell and judgment was properly entered in favor of all defendants.
 
 
 30
 Similarly, the district court in the present case properly entered judgment in favor of defendants because there was no constitutional injury to plaintiff, and there was no qualified immunity ground for recovery. In this case, moreover, the verdict was a special verdict in which the jury found that the deputies did not violate the civil rights of the plaintiff by the use of excessive force.
 
 
 31
 This result is also compelled by our decision in Palmerin v. City of Riverside, 794 F.2d 1409 (9th Cir.1986). In Palmerin, we said that while a Monell claim is possible where the officers' acquittal is due to the good faith immunity accorded certain individuals under Sec. 1983, it is not possible by its own terms if the officers acted constitutionally. Id. at 1415.
 
 
 32
 In this case, because the jury found that the actions of defendant officers were constitutional, and because the jury did not acquit the officers on immunity grounds, plaintiff has no Monell claim to pursue.
 
 
 33
 This case is distinguishable from Chew v. Gates, No. 91-55718, slip op. 6945, 1994 WL 280292 (9th Cir. June 27, 1994), and Hopkins v. Andaya, 958 F.2d 881 (9th Cir.1992) (per curiam).
 
 
 34
 In Chew, we said that "[s]upervisorial liability may be imposed under section 1983 notwithstanding the exoneration of the officer whose actions are the immediate or precipitating cause of the constitutional injury." Slip op. at 6956, 1994 WL 280292, at * 5. The Chew jury returned a general verdict against the dog handler. Such a verdict could mean liability based upon all theories of liability. In contrast, the jury in this case returned a special verdict, determining that the plaintiff did not suffer a constitutional injury. Without that constitutional injury, there cannot be Monell liability.
 
 
 35
 In Hopkins v. Andaya, this court reversed the district court's grant of summary judgment because of the existence of disputed material facts. In Hopkins, the court noted that "the police chief and city might be held liable for improper training or improper procedure even if [defendant police officer] is exonerated." 958 F.2d at 888.
 
 
 36
 Hopkins does not state that a plaintiff may pursue a Monell claim without a constitutional violation. Chew, which cites Hopkins, requires a constitutional injury. Monell liability may attach to the sheriff and county employing a deputy who causes a constitutional injury, even though the deputy himself may be exonerated from liability by reason of his qualified immunity. In this case, the jury finding that defendants did not cause a constitutional injury precludes a further inquiry under Monell.
 
 
 37
 This is not a case of unlawful arrest. It is not a case of immunity or exoneration for the use of excessive force. The jury found there was no constitutional injury.
 
 
 38
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3