NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| IMAN JONES, | ) | No. 12-15903 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 2:09-cv-01874-LRH-RJJ |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| LAS VEGAS METROPOLITAN | ) | |
| POLICE DEPARTMENT; | ) | |
| GARN CROSSMAN; DANIEL | ) | |
| ROSEQUIST; JOSHUA GIESE, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 4, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Iman Jones appeals the district court's grant of summary judgment in favor

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

of Officer Garn Crossman and the Las Vegas Metropolitan Police Department (LVMPD). We affirm.

All of Jones' claims on appeal rest on his assertion that his rights under the Fourth Amendment to the United States Constitution were violated because Officer Crossman arrested him without probable cause. We disagree with that assertion.

We have carefully reviewed the record and agree with the district court that on the facts presented probable cause existed because "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [Jones] had committed a crime." Conner v. Heiman, 672 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks omitted); see also United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc); Peng v. Penghu, 335 F.3d 970, 976 (9th Cir. 2003). There was more than sufficient corroboration for the victim-witness' assertion that Jones had pointed a firearm at him, including the discovery of a gun under the seat of Jones's truck that matched the description of the victim-witness. See Peng, 335 F.3d at 978–79; Fuller v. M.G. Jewelry, 950 F.2d 1437, 1444–45 (9th Cir. 1991). Because there was no violation of Jones' constitutional rights, Officer Crossman was entitled to qualified immunity from 42 U.S.C. § 1983 liability at the first step of the required analysis. See Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808,

2

815–16, 172 L. Ed. 2d 565 (2009). Similarly, absent a constitutional violation, LVMPD did not incur § 1983 liability[1] for the officer's actions.[2] Finally, because Jones' remaining claims also rest on his assertion that his arrest was unlawful, they also fail.

AFFIRMED.

---

[1] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2035–36, 56 L. Ed. 2d 611 (1978).

[2] Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc); Palmerin v. City of Riverside, 794 F.2d 1409, 1414–15 (9th Cir. 1986).

3