UNITED STATES of America, Appellee,

v.

Wanda Anderson
MacCONNELL, Appellant.

UNITED STATES of America, Appellee,

v.

Kenneth L. MacCONNELL, Appellant.

Nos. 88–5203, 88–5225.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Feb. 16, 1989.

Rehearing and Rehearing En Banc Denied in No. 88–5225 April 5, 1989.

Danny R. Smeins, Britton, S.D., for appellant.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for appellee.

Before HEANEY * and BEAM, Circuit Judges, and STUART,** District Judge.

BEAM, Circuit Judge.

Kenneth L. MacConnell and Wanda Anderson–MacConnell entered conditional pleas of guilty to charges of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841. On appeal, they urge reversal of the district court's [1] order denying their motion to suppress marijuana plants, bags of marijuana, and drug paraphernalia seized under a search warrant issued by a tribal court. We affirm.

## I. BACKGROUND

Anderson–MacConnell, an Indian, resided with her non-Indian husband, MacConnell, on the Sisseton–Wahpeton Sioux Tribe Lake Traverse Reservation. The dwelling, unit 289–5, was leased to Anderson–Mac-

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Connell by the Sisseton–Wahpeton Housing Authority.

On the morning of September 23, 1987, Mrs. One Road, the MacConnell's neighbor, informed the tribal criminal investigator and tribal prosecutor that Anderson–MacConnell had threatened her with a shotgun during a neighborhood dispute. The same day, a confidential informant, who was later revealed to be Mr. One Road, told the tribal criminal investigator of drug activity at the MacConnell residence. The tribal criminal investigator contacted Agent Mohr of the F.B.I. concerning the shotgun threat, and Agent Mohr suggested that the tribal criminal investigator could obtain a search warrant for the shotgun.

The tribal prosecutor prepared an affidavit for a search warrant for firearms based on the information provided by Mrs. One Road. A second affidavit was drafted by the tribal prosecutor for a search warrant for marijuana, tools and equipment used for processing marijuana, and other controlled substances. The second affidavit was founded on the facts disclosed by the confidential informant, Mr. One Road. The search warrants and supporting affidavits were presented to the tribal court, and the court issued the warrants. The search warrants were executed by the tribal criminal investigator with the assistance of a local sheriff's department. Guns, marijuana plants, bags of marijuana, and drug paraphernalia and equipment were seized as a result of the search.

MacConnell and Anderson–MacConnell were indicted by a federal grand jury on four counts for violation of federal marijuana distribution and manufacturing statutes. The district court denied their motion to suppress the drug-related evidence.

MacConnell and Anderson–MacConnell entered a conditional plea of guilty to one count of possessing marijuana with intent to distribute, reserving for appeal the issues concerning the denial of the motions to suppress the evidence. MacConnell was sentenced to two years imprisonment and assessed fifty dollars. Anderson–MacConnell was placed on probation for two years subject to certain terms and conditions.

## II.  DISCUSSION

### A.  Use of Evidence in the Federal Criminal Prosecution

MacConnell and Anderson–MacConnell contend that the search was federal in nature due to the involvement of Agent Mohr of the F.B.I. and that federal searches must comply with Fed.R.Crim.P. 41(a). Fed.R.Crim.P. 41(a) provides that only "a federal magistrate or a judge of a state court of record" may issue warrants for federal searches. Here, the search warrant was issued by a tribal judge. Thus, they conclude that the evidence seized pursuant to the search is inadmissible in a federal prosecution.

Fed.R.Crim.P. 41(a) states "[a] search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district wherein the property or person sought is located, upon request of a federal law enforcement officer or an attorney for the government." However, Fed.R.Crim.P. 41(a) applies only if the search is federal in nature. Thus, it is our task to determine if the search in the present case was federal.

The Supreme Court established the following test to determine if a search is federal:

> The decisive factor * * * is the actuality of a share by a federal official in the total enterprise of securing and selecting evidence by other than sanctioned means. It is immaterial whether a federal agent originated the idea or joined in it while the search was in progress. So long as he was in it before the object of the search was completely accomplished, he must be deemed to have participated in it.

*Lustig v. United States,* 338 U.S. 74, 79, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819 (1949). The *"mere* participation in a state search of one who is a federal officer does not render it a federal undertaking * * *." *Byars v. United States,* 273 U.S. 28, 32, 47 S.Ct. 248, 249, 71 L.Ed. 520 (1927). Furthermore, there must be "significant federal involvement in the search." *United States*

*v. Brown,* 584 F.2d 252, 258 n. 6 (8th Cir. 1978), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979). Therefore, there must be significant prior involvement for a search to be categorized as federal.

Here we do not believe that Agent Mohr had significant prior involvement in the search for the drug-related materials. The tribal criminal investigator informed Agent Mohr by telephone of the shotgun threat on Mrs. One Road, since the threat was potentially a federal crime. As indicated, Agent Mohr suggested obtaining a search warrant for the shotgun. Later that same day, Agent Mohr was advised by the tribal criminal investigator that a search warrant for drugs had been secured. Agent Mohr took no part in the execution of the search warrants.

After the search had been completed, Agent Mohr reviewed the evidence seized, took possession of some of the items, interviewed MacConnell, and prepared a report. However, this post-search involvement of Agent Mohr is irrelevant since, under *Lustig,* the focus is on prior involvement of the federal official. Agent Mohr's only prior involvement was the telephone conversation in which he suggested that a search warrant could be obtained for the shotgun. We, therefore, reject the contention that the search was federal.

> If a search is a state search, with minimal or no federal involvement, the warrant need only to conform to federal constitutional requirements, and the fact that the warrant issued from a court not of record does not render the fruits of the search inadmissible in a subsequent federal criminal prosecution.

*United States v. Bookout,* 810 F.2d 965, 967 (10th Cir.1987) (quoting *United States v. Millar,* 543 F.2d 1280, 1283–84 (10th Cir.1976)). Having decided the search was not federal, we now address whether the search warrant conformed to federal constitutional requirements.

### B. Probable Cause for the Search Warrant

■ MacConnell and Anderson–MacConnell assert that the information given by Mr. One Road, the confidential informant, did not furnish the probable cause necessary for the issuance of the search warrant.

The standard for determining whether an affidavit based on an informant's tip provides probable cause for the issuance of search warrants is set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983):

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for * * * conclud[ing]" that probable cause existed.

*Id.* at 238–39, 103 S.Ct. at 2332 (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). Under *Gates,* we must look at the totality of the circumstances. *Id.* 462 U.S. at 238, 103 S.Ct. at 2332.

Thus, we examine the affidavit under the *Gates* standard. The informant, Mr. One Road, had known MacConnell for fifteen years, and for ten years, he was aware of MacConnell's reputation for selling drugs. Most telling is the location of the One Road home. One Road lived just across the street from MacConnell providing an excellent vantage point from which to witness persons leaving the MacConnell residence at all hours of the day and night carrying brown paper sacks and, with the aid of binoculars, perceived what appeared to be marijuana cigarettes. MacConnell's son had also informed Mr. One Road that the son was not to enter the MacConnell basement because of growing plants. With what he had witnessed, Mr. One Road could reasonably conclude that the plants were marijuana plants. Taken together, One Road's long-time knowledge of MacConnell and MacConnell's reputation for selling drugs, One Road's observance of persons leaving at all hours with sacks and, apparently, marijuana cigarettes, and the statement of MacConnell's son combine to

provide a factual basis for determining that there was a fair probability that drugs were being sold at the MacConnell residence and that marijuana or marijuana plants would be found there. Accordingly, we reject the assertion that the affidavit did not afford probable cause to issue the search warrant.

## III. CONCLUSION

We affirm the district court's order denying the motion to suppress the evidence seized at the MacConnell residence. Since the tribal court had jurisdiction over Anderson–MacConnell and her leased premises and the search warrant was directed toward her dwelling, we need not reach the question of whether the tribal court had jurisdiction over MacConnell.