**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Brock PALMER, Defendant–
Appellant.**

**No. 91–30291.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided April 5, 1993.

Peter S. Schweda, Waldo & Schweda, Spokane, WA, for defendant-appellant.

Pamela J. Byerly and Earl A. Hicks, Asst. U.S. Attys., Spokane, WA, for plaintiff-appellee.

Before: WRIGHT, HUG and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Appellant Mark Brock Palmer appeals his conviction for manufacturing 100 or more marijuana plants, in violation of 21

U.S.C. § 841(a). Palmer argues that the district court erred in (1) denying his motion to suppress, (2) admitting his post-arraignment statement and (3) denying his motion to dismiss. We affirm in part, reverse in part and remand.

## I.

On the afternoon of February 11, 1991, a Spokane County Sheriff Deputy arrested Jack Roberts after the deputy smelled a strong odor of marijuana coming from Roberts' vehicle during a traffic stop. The deputy obtained a warrant for the search of the car and obtained several bags of marijuana therefrom.

Deputy Cal Walker, who had information regarding Roberts' growing marijuana at various locations in Spokane County, met with Roberts shortly after his arrest. Roberts gave a statement to Walker and directed him to the site of a marijuana grow at a residence on West Long Lake Road near Ford, Washington, where Palmer lived with his two children. Roberts stated that he and Palmer were conducting a marijuana grow operation in the residence.

Walker's supervisor, Lieutenant Michael Myhre, informed Drug Enforcement Administration (DEA) Agent John Dudley about Roberts' statement because Myhre knew that the DEA had prior involvement with Palmer. Palmer had previously been convicted for possession with intent to distribute marijuana and had been the subject of a 1990 DEA investigation. After being informed, Dudley provided information regarding Palmer's criminal history to Walker, who was preparing an affidavit in support of the search warrant for the Long Lake Road residence. Dudley also relayed information regarding the investigation to an Assistant United States Attorney, who indicated that the federal government would be interested in prosecuting the case if more than 100 marijuana plants were found.

Walker obtained a search warrant for the Long Lake Road residence from the Spokane County District Court at 11:57 p.m. on February 11. The warrant was executed by Walker and other deputies at approximately 1:20 a.m. on February 12. The search revealed a marijuana grow operation in the basement. Dudley, who accompanied the deputies to the residence, removed, examined and obtained a sample of the marijuana plants during the execution of the search warrant.

Palmer was subsequently arrested on federal drug charges. After his arraignment in the United States District Court for the Eastern District of Washington, Palmer made the following statement to federal law enforcement officials: "I don't want any deals. I have been through this before. I just want to get it behind me."

Before trial Palmer made an objection to the admission of any evidence of his prior conviction based on Federal Rule of Evidence 404(b). Palmer made a motion to preclude the same evidence on the same basis at the beginning of trial. The district court did not rule on the objection or motion before the commencement of trial but instructed the parties to address the issue with the court before making any reference to any material that could constitute evidence of a prior conviction. At this time, the district court provided the parties with several cases related to Palmer's objection and motion. The district court did not inform Palmer that his objection or motion had to be renewed at trial, as it had on other matters that were raised before trial.

During a bench conference in the course of Palmer's cross-examination, the prosecutor notified the court that he intended to introduce the post-arraignment statement, referencing the prior conviction issue previously addressed by the court and indicating that the post-arraignment statement was admissible to show Palmer's motive. The prosecutor also argued during the bench conference that the statement was admissible to impeach Palmer's credibility. The district court ruled during the bench conference that the government would be allowed to question Palmer about the post-arraignment statement. This was the only ruling the district court made regarding evidence of Palmer's prior conviction.

After the bench conference, the following exchange occurred:

Q Did you say, "I don't want any deals. I have been through this before. I just want to get it behind me," sir?

A Yes, because I didn't do anything wrong. I wasn't scared to talk to him.

Q You have been through it before, though?

A Been through what—

Q Selling marijuana before.

[Question not answered]

The prosecutor referred to this exchange during his closing argument, stating that "Mr. Palmer testified he'd previously been involved in distribution of controlled substances—marijuana, excuse me, he said marijuana...." The prosecutor also wrote Mr. Palmer's post-arraignment statement on the courtroom's chalkboard for the jury during his closing argument.

## II.

Palmer argues that the district court erred in denying his suppression motion because the search did not comport with Federal Rule of Criminal Procedure 41(c), which requires warrants issued thereunder to be served in the daytime. The ultimate conclusion of the legality of the search is a mixed question of law and fact reviewed *de novo. United States v. Thomas,* 863 F.2d 622, 625 (9th Cir.1988). The underlying factual issues are reviewed for clear error. *Id.*

Palmer contends that Dudley's participation in the search of the Long Lake Road residence made it a federal search subject to Rule 41. However, Rule 41 does not apply to a search performed by local officials unless the search is "federal in character." *See United States v. Crawford,* 657 F.2d 1041, 1046 (9th Cir.1981). Whether a search is essentially a federal one and thus governed by Rule 41 is a factual inquiry. *See Byars v. United States,* 273 U.S. 28, 32, 47 S.Ct. 248, 249, 71 L.Ed. 520 (1927).

Generally, a search is federal if from the beginning it was assumed a federal prosecution would result. *See United States v. Radlick,* 581 F.2d 225, 228 (9th Cir.1978). The record shows that the deputies initiated the investigation and merely provided information to the DEA. The record also shows that the deputies would have sought the search warrant regardless of Agent Dudley's involvement. The record further shows that the United States Attorney had no intention of prosecuting this case before the search occurred. This case is therefore unlike *Crawford,* in which the federal agent enlisted the assistance of local officials in a pending investigation and the local officials later initiated their own investigation with the help of the federal agent. *See Crawford,* 657 F.2d at 1043–46. The investigation in this case was initiated and controlled by the local law enforcement officials involved.

Certainly, Dudley participated in the drafting of the warrant and the search of the residence. However, a federal officer's "mere participation" in a search does not make it a federal one. *See Byars,* 273 U.S. at 32, 47 S.Ct. at 249. The federal involvement in the search was not significant enough to make the search a federal one. *See United States v. MacConnell,* 868 F.2d 281, 283–84 (8th Cir.1989). Therefore, the district court's finding that the search was not governed by Rule 41 is not clearly erroneous.[1]

## III.

Palmer argues that the district court's admitting his post-arraignment statement violated Federal Rule of Evidence 404(b). When properly raised at trial, we review such evidentiary issues for an abuse of discretion. *United States v. Brown,* 880 F.2d 1012, 1014 (9th Cir.1989). However, absent a contemporaneous objection, we normally review for plain error. *See United States v. Houser,* 804 F.2d 565, 570 (9th Cir.1986).

There is a dispute in this case as to whether Palmer has preserved this issue for appeal. While the record does not re-

---

1. Palmer does not challenge the lawfulness of the search under state law.

flect that Palmer made a contemporaneous objection and the government contends that no such objection was made, Palmer contends that he did contemporaneously object and that objection was somehow not recorded. Because such an occurrence is not impossible, the court should attempt to "re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure." *Johnson v. United States*, 318 U.S. 189, 202, 63 S.Ct. 549, 555, 87 L.Ed. 704 (1943) (Frankfurter, J., concurring).

The circumstances in this case suggest that a contemporaneous objection may have been made: during the bench conference, the district judge expressed some uncertainty as to whether an objection had been made, stating: "I'll rule on the objection if there was one, but I don't believe there was one." Additionally, the prosecutor's statement during the bench conference makes an ambiguous reference to a defense objection. Where such uncertainty exists, it may be better to proceed in the manner which will most likely prevent injustice and deem the issue preserved for appeal. *Cf. Shows v. M/V Red Eagle*, 695 F.2d 114, 117 (5th Cir.1983) (holding issue preserved for appeal in spite of a similarly uncertain record).

■ But there is no need to rely on such a benevolent presumption in this case. Even if he did not object at trial, Palmer sufficiently preserved the issue of the admissibility of his post-arraignment statement under Rule 404(b) for appeal by both objecting and moving for its exclusion on this basis before the commencement of trial. In *Palmerin v. City of Riverside*, 794 F.2d 1409 (9th Cir.1986), we rejected an invariable requirement that an objection that is the subject of a pretrial motion must always be renewed at trial. *Id.* at 1412–13. We held that where the substance of an objection has been thoroughly explored and

the trial court's ruling was explicit and definitive, the issue is preserved for appeal. *Id.* at 1413.

As in *Palmerin*, the circumstances in this case show that the issue has been preserved for appeal. The district court had ample opportunity to determine whether evidence of Palmer's prior conviction and, specifically, the post-arraignment statement, was admissible. The court carefully considered the pretrial objection and motion, doing independent research on the issue and providing cases discovered during this research to the parties before trial. The district court proceeded to take the objection and motion under submission. Furthermore, the parties, consistent with the court's instructions, raised the issue in the bench conference in which the court ruled that the post-arraignment statement was admissible. Similar to *Palmerin*, requiring a contemporaneous objection immediately after the district court has denied a pretrial objection and motion on the same grounds would have the perverse result of making form the master of substance. *See Id.*

■ The purpose of requiring a party to timely object is to ensure that the district court has an opportunity to cure any potential errors in the first instance. *See Estelle v. Williams*, 425 U.S. 501, 508 n. 3, 96 S.Ct. 1691, 1695 n. 3, 48 L.Ed.2d 126 (1976); *Palmerin*, 794 F.2d at 1413. The district court was clearly on notice of Palmer's opposition to the admission of the post-arraignment statement based on Rule 404(b) and had an opportunity to rule on this issue in admitting the post-arraignment statement. The interest of justice would not be furthered by requiring Palmer to have made an additional objection. We therefore review the district court's denial of Palmer's objection and motion [2] for an abuse of discretion.

---

**2.** During the bench conference, the district court also held that the post-arraignment statement was admissible as impeachment evidence under Federal Rule of Evidence 609. While Palmer did not contemporaneously object on this ground, the district court's admitting the statement under Rule 609 was plainly errone-

ous. Palmer's statement that he had been "through this before" is not evidence that he was convicted of a crime and was therefore not admissible under Rule 609. *Cf. United States v. Perkins*, 937 F.2d 1397, 1406 (9th Cir.1990) (allowing a witness to be impeached with his statement that he had been convicted of a crime).

■ At the time of Palmer's trial,[3] Rule 404(b) stated:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In order to be admissible under Rule 404(b), the evidence sought to be introduced must establish a material element in the case. *See United States v. Spillone,* 879 F.2d 514, 518–20 (9th Cir.1989), *cert. denied,* 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). The government argues that the post-arraignment statement proves motive. However, evidence of Palmer's motive does not establish a material element of any of the offenses on which he was tried. There was no basis for admitting the post-arraignment statement under Rule 404(b).

■ The admission of the statement requires reversal because it probably affected the verdict. *See United States v. Soulard,* 730 F.2d 1292, 1296 (9th Cir. 1984). We must consider the impact of the error based on the particular facts in the case before us. *See Glasser v. United States,* 315 U.S. 60, 67, 62 S.Ct. 457, 463, 86 L.Ed. 680 (1942). Palmer's theory of defense was that he had simply moved onto the property and did not have any part in growing the marijuana. Roberts, who had a great motivation to testify favorably for the Government, testified that Palmer was equally involved with him. The government not only introduced the statement during Palmer's cross-examination but also argued based on the statement that Palmer had engaged in the sale of marijuana previously.[4] The possibility of such prejudicial argument is precisely why Federal Rule of Evidence 404(b) excludes evidence of crimes, wrongs or acts that do not establish a material element of a charged offense. *See Brown,* 880 F.2d at 1013–14. In this case, which the district court characterized as a "straightforward swearing contest" between the defendant and Roberts, there is no basis for finding that the jury would have nonetheless convicted Palmer in the absence of this damning evidence. The admission of the post-arraignment statement therefore requires that we reverse Palmer's conviction and remand for a new trial.

## IV.

■ Palmer argues that his being federally charged violated his due process and equal protection rights.[5] Palmer contends that he, like Roberts, should have been prosecuted in state court and that the district court should have dismissed the case against him. We review *de novo* the denial of a motion to dismiss based on a violation of constitutional rights. *United States v.*

---

For the reasons set forth below, the district court's error in admitting this statement requires reversal.

**3.** Effective December 1, 1991, Rule 404(b) was amended and now reads as follows:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**4.** While not raised by the parties, the prosecution's arguing that Palmer "testified he'd previ-

ously been involved in the sale of controlled substances" was a blatant misrepresentation of the record. Palmer never made such a statement. While the prosecutor is given wide latitude in closing argument and may vigorously argue all reasonable inferences from the evidence at trial, *see United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir.1991), argument should not refer to matters that are not presented as evidence. *See United States v. Vargas–Rios,* 607 F.2d 831, 838 (9th Cir.1979); *United States v. Gray,* 876 F.2d 1411, 1417 (9th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990).

**5.** Although we reverse Palmer's conviction and remand for a new trial, we must nonetheless consider the district court's denial of his suppression and dismissal motions. These issues could arise in or preclude a new trial. *See United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992).

*McDougherty,* 920 F.2d 569, 571 (9th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *U.S. v. Cook,* 859 F.2d 777, 778 (9th Cir.1988).

▮▮▮▮▮ Palmer's contention that his prosecution was unconstitutional affords him no relief. Palmer's alleged conduct violated both the laws of the State of Washington and the United States; therefore, either or both could have prosecuted him. *See United States v. Figueroa–Soto,* 938 F.2d 1015, 1020 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1181, 117 L.Ed.2d 424 (1992). Additionally, separation of powers concerns prohibit us from reviewing a prosecutor's charging decisions absent a prima facie showing that it rested on an impermissible basis, such as gender, race or denial of a constitutional right.[6] *See United States v. Diaz,* 961 F.2d 1417, 1420 (9th Cir.1992); *United States v. Redondo–Lemos,* 955 F.2d 1296, 1300–01 (9th Cir.1992). Palmer has failed to show that the decision to prosecute him in federal court was based on a constitutionally impermissible factor, only that the prosecutor's charging decision was not made pursuant to written policy. This fact is insufficient to support a claim of unconstitutional prosecution. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992); *United States v. Williams,* 963 F.2d 1337, 1341–42 (10th Cir.1992). Palmer's subsequent prosecution in federal and not state court is therefore not unconstitutional.[7]

Based on the foregoing, the judgement of the district court is **AFFIRMED** in part, **REVERSED** in part and **REMANDED.**

WRIGHT, Circuit Judge, concurring in part, dissenting in part.

I concur in the majority's disposition of the motion to suppress, due process and equal protection issues; however, I disagree with its resolution of the post-arraignment statement and would affirm Palmer's conviction.

The majority relies on *Palmerin v. City of Riverside,* 794 F.2d 1409 (9th Cir.1986), to conclude that a contemporaneous objection need not have been made. Consequently, it concludes that the proper standard of review is abuse of discretion and that the district court abused its discretion in admitting Palmer's statement.

The majority misreads *Palmerin* by omitting a crucial part of our holding in that case. We held that "where the substance of the objection has been thoroughly explored during a hearing on the motion *in limine,* and the trial court's ruling *permitting introduction of evidence,* was explicit and definitive, no further action is required to preserve for appeal the issue of admissibility of that evidence." *Palmerin,* 794 F.2d at 1413 (first emphasis in original, second emphasis added).

In *Palmerin,* defendants sought unsuccessfully to exclude admission of evidence of their guilty pleas by a motion *in limine. Id.* at 1411. The district court rejected the defendants' motion, holding that the evidence was relevant and admissible. We held that their failure to object contemporaneously during trial to the admission of that evidence did not bar them from raising the issue on appeal. *Id.* We emphasized that

> The substance of the objection to the admission of the guilty pleas was thoroughly explored during the hearing on the motion *in limine,* and the trial judge's ruling was explicit and definitive. There was no hint that the ruling might

---

6. Nonetheless, we feel compelled to comment that the exercise of prosecutorial discretion in this case is troubling. Even adopting the government's view of the facts, there were two partners in a marijuana growing operation, Roberts and Palmer. Roberts was prosecuted in state court, serving no jail time and having a fine of $1,000 imposed. The fine was subsequently waived because of indigence, and Roberts ultimately had to pay only $176. On the other hand, Palmer was sentenced to a mandatory minimum term of 10 years. There is some-

thing basically wrong with this type of exercise of prosecutorial discretion.

7. Because we reverse and remand for a new trial, we do not reach the issue of the legality of Palmer's being sentenced under federal rather than state law. *See United States v. Gamble,* 943 F.2d 1030, 1031 (9th Cir.1991). However, we believe that it necessarily follows from our ruling on his motion to dismiss that Palmer has no right to be sentenced under state law.

be subject to reconsideration. Perhaps most important, there was nothing in the manner or context in which the guilty pleas were introduced at trial that was unforeseen or that cast any doubt on the applicability of the trial court's *in limine* ruling.

*Id.* at 1413.

Before trial, Palmer objected to the introduction of any evidence of his prior conviction. Unlike in *Palmerin*, the district court declined to rule on the objection and required the prosecutor to request a bench conference if he chose to introduce such evidence. Only then would the court determine the admissibility of the evidence. The court did not suggest that reconsideration of the subject was foreclosed. Indeed, it did not even make an explicit ruling on admissibility. Therefore, *Palmerin* does not support excusing Palmer from the need to make a contemporaneous objection.

Because Palmer failed to make such an objection, we review for plain error. *See United States v. Houser*, 804 F.2d 565, 570 (9th Cir.1986). Plain error is "a highly prejudicial error affecting substantial rights," *United States v. Dischner*, 960 F.2d 870, 883 (9th Cir.1992), that most likely materially affected the verdict, *United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989). Reversal is appropriate only when necessary to prevent a miscarriage of justice or to preserve the integrity of judicial proceedings. *Bryan*, 868 F.2d at 1039.

Admission of Palmer's statement did not constitute plain error. The court carefully monitored the government's questioning of Palmer. His statement was not evidence of a prior conviction but, at most, evidence that he had once been arraigned. As the district court said, this case was a "straight forward swearing contest" between Palmer and Roberts. The jury chose to believe Roberts, who admitted to two theft convictions and to operating several marijuana grows of his own. I would affirm.