39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard B. BUSTAMANTE, Defendant-Appellant.
 Nos. 93-50835, 94-50015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Oct. 21, 1994.
 
 1
 Before: WALLACE, REINHARDT, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 BACKGROUND
 
 3
 Richard Bustamante was convicted of one count of attempted unarmed bank robbery and two counts of unarmed bank robbery under 18 U.S.C. Sec. 2113(a). The district judge sentenced Bustamante to 262 months of imprisonment, followed by three years of supervised release. Bustamante appeals his conviction as well as the district judge's denial of his motion for a new trial.
 
 
 4
 Bustamante raises three claims on appeal. First, he asserts that the district judge should have granted the motion to substitute counsel that Bustamante filed the day before the trial was to commence. Second, he appeals the district judge's decision to admit a jacket and a police scanner as evidence. Finally, Bustamante asserts that the district judge erred in denying his motion for a new trial. Because we find no merit to Bustamante's claims, we affirm.
 
 ANALYSIS
 
 5
 We dismiss Bustamante's claim that the district judge erred in failing to grant his motion to substitute counsel. The record clearly reveals that Bustamante voluntarily withdrew his motion after the district judge discussed the defendant's concerns with him. There is no evidence that the district judge coerced or bullied Bustamante into withdrawing his motion. Accordingly, we reject this ground of this appeal.
 
 
 6
 * * *
 
 
 7
 Bustamante also contends that the district judge erred in allowing a jacket and a police scanner to be admitted as evidence during the trial. Both pieces of evidence were disclosed late to the defense due to an administrative error. After the judge ordered that the evidence be made available to the defense, Bustamante's attorney moved to have it excluded because of the late disclosure. The district judge denied this motion because prejudice had not yet been shown. At the beginning of the trial, the defense again objected to the evidence on a different ground, arguing lack of foundation. The judge denied the motion and explicitly instructed Bustamante's counsel to raise the objection when the evidence was offered if she believed that a proper foundation had not been laid for its introduction. The defense attorney agreed to the district judge's suggestion with regard to the jacket, and she herself proposed to follow the same procedure with regard to the scanner. During the trial, however, Bustamante's attorney did not object to the introduction of either item when the evidence was introduced.
 
 
 8
 Because defense counsel failed to make a contemporaneous objection when the evidence was introduced, we review the decision to admit the evidence for plain error. United States v. Houser, 804 F.2d 565, 570 (9th Cir.1986). "There is no plain error where the defendant has failed to demonstrate that the admission of the evidence affected the outcome of his trial and his right to a fair trial." United States v. Hurt, 795 F.2d 765, 773 (9th Cir.1986), cert. denied, 484 U.S. 816 (1987).[1]
 
 
 9
 There is no indication in the record that it was plainly erroneous to allow this evidence to be introduced. The prosecution established foundation for both pieces of evidence. A government agent testified that Bustamante possessed both items at the time of his arrest, and witnesses testified that they had seen Bustamante wearing the jacket and holding something that resembled the scanner during the robberies. Nor did the district judge plainly err by allowing the evidence to be introduced despite the late disclosure. A district court may cure a late discovery problem by granting a continuance. Fed.R.Crim.P. 16(d)(2). In this case, the district judge explicitly stated that he would grant a continuance if one was requested. Defense counsel made no such request. Accordingly, we affirm the district judge's decision to admit the evidence in question.
 
 
 10
 * * *
 
 
 11
 Finally, Bustamante contends that the district judge erred in denying his motion for a new trial based on newly discovered evidence. Bustamante claimed that he could prove that he purchased the scanner that was in his possession at the time of his arrest after the robberies were committed. The judge held a hearing on the motion and determined that, even if Bustamante's claim proved to be accurate, the new evidence would not have affected the outcome of the trial.
 
 
 12
 We review the district judge's denial of a motion for a new trial for an abuse of discretion. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987). In order to prevail on a motion for a new trial, the defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of lack of diligence on the defendant's part; (3) the evidence must be material to the issue at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 13
 The defendant cannot meet the five-part test outlined in Kulczyk because he has not demonstrated that a new trial would probably result in an acquittal. The scanner was only presented as evidence for one robbery. The two eye witness identifications from that robbery were based entirely upon his appearance, not upon the fact that he was carrying a scanner. Moreover, the scanner does not appear in any of the photographs taken during the bank robberies, and the other five eye witnesses who testified against him never mentioned it.
 
 
 14
 In addition, the testimony that the defendant wishes to offer concerning the purchase of the scanner is far from convincing. The defendant claims in his brief that, "[a]ccording to the computer records of Circuit City in Ventura, Mr. Bustamante, using the alias Richard Martinez, purchased a Uniden Bearcat police scanner, model BC 55 XLT on December 21, 1992." At best, the evidence suggests that someone who identified himself as Richard Martinez bought a police scanner at Circuit City approximately one month after the last robbery. In light of the overwhelming evidence presented against the defendant during the trial, we conclude that, even if Bustamante could prove that he purchased a scanner after the robberies, it is highly unlikely that such evidence would have changed the outcome of the trial. The district judge did not abuse his discretion in denying the motion for a new trial. Accordingly, the district court's decision is
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under United States v. Palmer, 3 F.3d 300, 304 (9th Cir.1993), cert. denied, 114 S.Ct. 1120 (1994), a court may review the admission of evidence under an abuse of discretion standard, even if the defendant failed to make a contemporaneous objection, as long as "the substance of an objection has been thoroughly explored and the trial court's ruling was explicit and definitive." Because the district judge in this case reserved any discussion of the issue until the trial, Bustamante's reliance on Palmer is misplaced