61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dae Sik NAM, aka: Nam Dae Sik; aka: "Nam", Defendant-Appellant.
 No. 94-50090.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 26, 1995.
 
 Before: LAY,** BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Dae Sik Nam appeals his conviction for conspiracy to possess with intent to distribute ice methamphetamine, and attempted possession with intent to distribute ice methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm.
 
 I.
 
 3
 The district court did not abuse its discretion in admitting evidence that Nam agreed to help coconspirator Kirk Kai Ching Liu distribute ice methamphetamine in February 1993.[1] The conspiracy charged in the indictment extended from an unknown date until March 26, 1993, and the Government argued at trial that the February 1993 incidents were direct evidence of that conspiracy, rather than evidence of prior bad acts subject to the requirements of Fed.R.Evid. 404(b). During trial, Nam's attorney failed to make a contemporaneous objection to the admission of the testimony regarding the events in February 1993. In addition, he rejected the court's sua sponte offer to give a limiting instruction during the final charge, agreeing with counsel for the Government that this evidence was direct proof of the charged conspiracy. GER 167-68.
 
 
 4
 When a party fails to make a contemporaneous objection to the admission of Rule 404(b) evidence and does not otherwise make an objection to the admission of the evidence known to the district court, this Court reviews the admission of the evidence for plain error only. United States v. Palmer, 3 F.3d 300, 304 (9th Cir.1993), cert. denied, 114 S.Ct. 1120 (1994); see also Fed.R.Crim.P. 52(b). We review the admission of this evidence for plain error and find no error at all. Evidence of prior bad acts that are "inextricably intertwined" with the crime on trial are not subject to Rule 404(b) because they are direct evidence of the crime on trial, rather than "other crimes." United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987). Evidence of Nam's original agreement to participate in a conspiracy with Ching Liu and his assistance of Ching Liu in receiving and repackaging the ice methamphetamine in February 1993 is direct evidence of the conspiracy charged in the indictment and was clearly admissible.
 
 II.
 
 5
 Nam also claims the district court erred in instructing the jury in response to a question the jury submitted to the court during deliberations. Two of Nam's coconspirators testified against him. During deliberations, the jury sent the court a note which stated as follows:
 
 
 6
 Jury is having a problem voting guilty of (sic) conspiracy charge because that vote would be tantamount to equating the participation of Defendant Nam with that of [his coconspirators]. Is this an inappropriate consideration?
 
 
 7
 GER 190. The court consulted with counsel and decided to tell the jury that all factual determinations must be made by the jury and that for guidance on the law, the jury should refer to the court's previous instructions on the law of conspiracy. In addition, over defense counsel's objection, the court responded to the jury's question as follows:
 
 
 8
 In addition to that, I would further instruct you that the guilt or innocence of other Defendants is not before you. You're not to guess or speculate as to what happened to the other Defendants, why they're not here. Any disposition as to those Defendants should not influence your verdict with respect to this Defendant. You must base your verdict solely upon the evidence against this Defendant.
 
 
 9
 GER 211-12.
 
 
 10
 Nam concedes that the instruction the district court gave was a correct statement of the law, but claims that the language and timing of the instruction inappropriately precluded the jury from taking into account the coconspirators' guilty pleas in weighing their credibility. The formulation and timing of correct jury instructions are reviewed for an abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992); United States v. Hayes, 794 F.2d 1348, 1351 (9th Cir.1986), cert. denied, 479 U.S. 1086 (1987).
 
 
 11
 During the course of the trial the district court twice instructed the jury that the guilty pleas of Nam's coconspirators should be considered in assessing their credibility. At the close of one of the coconspirator's testimony, the district court sua sponte instructed the jury as follows:
 
 
 12
 I want to read a jury instruction to the jurors, and this is an instruction that I'll read at the end of the case as well. You've heard the testimony of the witness, Mr. Liu. He indicated that he pled guilty to a crime arising out of the same events for which the Defendant is on trial. His guilty plea is not evidence against the Defendant, and you may consider it only in determining the witness' believability. You should consider this witness' testimony with great caution, giving it the weight that you feel it deserves.
 
 
 13
 GER 45-46. During the final instructions, the court gave similar instructions, instructing the jury to consider with caution the testimony of witnesses who had pled guilty. GER 176. In light of these cautionary instructions, it is highly unlikely the jury would have construed the court's final instruction regarding the irrelevance of the guilt or innocence of Nam's coconspirators as precluding it from taking those coconspirators' guilty pleas into consideration in weighing their credibility. The two instructions addressed different subject matters. Cf. United States v. Reed, 726 F.2d 570, 579 (9th Cir.) (finding instruction on the credibility of a witness who has pled guilty and instruction on the irrelevance of the punishment for the offense covered different subject matters), cert. denied, 469 U.S. 871 (1984). Moreover, as discussed, the court had previously made very clear to the jury that guilty pleas were to be considered in assessing the credibility of the witnesses. Thus, we find that the court did not abuse its discretion in instructing the jury as it did.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The testimony showed that Nam gave Liu his own address and his minister's address and permitted Liu to have a box of ice methamphetamine mailed to each address. After the ice methamphetamine arrived, Nam helped Liu repackage it