UNITED STATES of America, Plaintiff–Appellee,

v.

Glen Ray ALCORN, Defendant–Appellant.

No. 99–6565.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

Before KENNEDY, DAUGHTREY, Circuit Judges, McKEAGUE,* District Judge.

KENNEDY, Circuit Judge.

On July 16, 1998, a federal grand jury returned a three count indictment against defendant Glen Ray Alcorn which included charges of conspiring with others to possess with intent to distribute methamphetamine and of possession with intent to distribute methamphetamine. A jury ulti-

mately found defendant guilty on all three counts. Prior to trial, defendant filed a motion to suppress evidence that was retrieved from his residence pursuant to a search warrant obtained during the police investigation. The district court denied his motion to suppress. Defendant now brings this appeal, alleging that the search warrant was invalid because: (1) the affidavit in support of the warrant contained insufficient information to support probable cause, and (2) the warrant was not obtained in accordance with Federal Rule of Criminal Procedure 41(a). For the reasons stated below, we deny defendant's claims on appeal and affirm the district court's judgment that the evidence was properly admissible at trial.

I.

On June 17, 1998, Deputies Clifford Meyer and John Holland of the Coffee County, Tennessee Sheriff's Office stopped a 1989 Chevrolet pick-up truck for various traffic violations. Co-defendant Anthony Woolbright was driving the truck, defendant Alcorn was seated in the right front passenger seat and Georgia Moss was seated between them. Deputy Meyer asked the driver to step out of the car, and as he did, Deputy Meyer saw drug paraphernalia and a pistol inside the vehicle. Meyer also noticed that the driver appeared nervous and sweaty, that his pupils were dilated, and that his face was red. In response to Meyer's question, the driver denied that there were any drugs in the car. The drug-detection dog patrolling with the officers alerted on both front doors and the underside of a tool box in the bed of the truck. After again denying the presence of any drugs in the truck, the driver gave consent for the officers to

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

search the vehicle. The deputies removed the passengers from the truck and searched it.

The officers discovered a pistol, drug paraphernalia and a plastic baggie containing large chunks of white powder. As a result of the search, defendant and the other two individuals were all placed under arrest. A further search of the vehicle was conducted later at the Coffee County Sheriff's Department and additional plastic bags of white powder, later determined to be methamphetamine, were discovered. The deputies recovered a total of 162.09 grams of methamphetamine from the vehicle.

Deputy Meyer contacted the federal Drug Enforcement Agency (DEA) regarding the discovery of the methamphetamine. DEA Agent John Hardcastle interviewed the three individuals arrested. Agent Hardcastle obtained information from co-defendant Anthony Woolbright about defendant Alcorn's drug trafficking. Hardcastle then passed that information on to Agent Steve Taylor of the Cookeville, Tennessee Police Department, who was familiar with defendant and had previously obtained other information regarding defendant's drug trafficking activities.

On June 19, 1998, Agent Taylor requested a warrant from the Putnam County Court of General Sessions to search defendant's home at 5155 Penthouse Rd, Putnam County, Tennessee. In his affidavit, Agent Taylor listed the following reasons for his belief that defendant possessed the items for which the officers wanted to search: (1) a February 1998 interview with a confidential informant who stated that he had been inside defendant's house, that he had seen multiple ounces of methamphetamine in the house in February 1998, that defendant hid methamphetamine in false bottom containers throughout the house, and that defendant had installed video sur-

veillance around his house to protect against police action; (2) interviews by Agent Taylor and another agent of five other confidential informants over the previous ten-month period, each of whom described defendant's manufacture and distribution of methamphetamine; and (3) the facts surrounding the arrest of defendant on June 17, 1998, including the recovery of methamphetamine from the truck and the statements of co-defendant Woolbright that he assisted defendant Alcorn in transporting the methamphetamine found in the vehicle. On June 19, 1998, General Sessions Judge John Hudson signed the search warrant and Agent Taylor, federal Agent Hardcastle, and other officers executed the search. The officers recovered 49.7 grams of methamphetamine, pharmaceutical drugs, drug paraphernalia and surveillance equipment from defendant's residence.

At the district court, defendant Alcorn moved to suppress the evidence recovered from the search of his home on two grounds. First, he alleged that the evidence should be suppressed because the warrant was not specific enough in stating the items to be seized. Secondly, he alleged that the warrant was invalid under Fed.R.Crim.P. 41(a), because it was approved by a judge from the Court of General Sessions which is not a court of record. The district court denied defendant's motions, ruling that the items sought were reasonably relevant to the reason for the search and that the officers executed the search in good faith, and holding that Federal Rule 41 did not apply because the warrant was requested by a state officer from a judge specifically authorized to issue warrants. Defendant now appeals the admission of evidence obtained from the search of his residence, alleging for the first time that (1) the affidavit requesting the search warrant was lacking in suffi-

cient information to support probable cause, and (2) the search warrant was invalid under Fed.R.Crim.P. 41(a).

## II.

### A.

■ Defendant first alleges that the evidence uncovered during the search of his home should be suppressed because the affidavit requesting the warrant did not state sufficient information to support probable cause. Defendant did not raise this claim before the district court. There, defendant argued that the warrant lacked specificity in stating what the officers could reasonably search for and seize, but defendant made no claim as to the sufficiency of the evidence to support probable cause.

As a general rule, appellants cannot raise claims before the appellate court that were not raised before the district court. In *United States v. Bonds*, 12 F.3d 540 (6th Cir.1993), this court held that defendant's failure to challenge the sufficiency of the affidavit in a motion to suppress evidence constituted a waiver of the right to appeal that issue. *Id.* at 569. Because defendant did not raise this issue before the district court, he must demonstrate the existence of plain error in order to justify the relief he requests. *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir.1998); Fed.R.Evid. 103(a)(1) and (d); Fed. R.Crim.P. 52(b). We conclude that defendant has failed to demonstrate plain error.

The Sixth Circuit has held that:

In reviewing a state magistrate's determination of probable cause, this court pays "great deference" to a magistrate's findings, which "should not be set aside unless arbitrarily exercised." As the Supreme Court has stated, a warrant must be upheld as long as the "magistrate had a 'substantial basis for ...

conclud[ing]' that a search would uncover evidence of wrongdoing."

*United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir.1993) (citations omitted). Although defendant argues that the Tennessee standard for probable cause should apply, the Supreme Court has held that:

[E]vidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a federal criminal trial. In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry .... The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.

*Elkins v. United States*, 364 U.S. 206, 223–24, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court outlined the federal standard for determining probable cause and explained that an informant's "reliability" and his "basis of knowledge" are best understood "as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 223, 103 S.Ct. 2317. The information in the present affidavit satisfied the "totality of the circumstances" evaluation and constituted a sufficient basis for concluding that a search would uncover evidence of wrongdoing. The affidavit indicated evidence from multiple informants that defendant manufactured and sold large quanti-

ties of drugs from his house on earlier occasions and that he had drugs hiding there on prior occasions. The affidavit also referred to the defendant's recent arrest and the substantial amounts of methamphetamine that were seized from him. In addition, the affidavit referred to information provided by defendant's accomplice, Woolbright, describing Woolbright's efforts to help defendant transport methamphetamine for sale. As the government argues, both the detail and the overlapping corroboration of the informants' testimony make it sufficiently reliable. Moreover, some of the information included in the affidavit was not as "stale" as it might appear because it related to ongoing drug trafficking activity involving defendant and his home during a period of 10–12 months. *See United States v. Spikes*, 158 F.3d 913, 923–24 (6th Cir.1998) (observing that where recent information corroborates otherwise stale information probable cause may be found.) We conclude, therefore, that there is no plain error in holding that the warrant was sufficient to support probable cause.

In addition, even if the information in the affidavit were not sufficient to support probable cause, the resulting evidence would still be admissible because the searching officers acted in good faith reliance on the warrant. In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that evidence should not be excluded, despite a lack of probable cause to support the search warrant, if "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id.* at 920, 104 S.Ct. 3405. The Court explained that when a police officer acts in good faith to request a search warrant and acts within its scope, "there is no police illegality, and thus nothing to deter," *id.* at 920, 104 S.Ct. 3405, even if the judge or magistrate incor-

rectly issued the warrant on insufficient information. In the present case, there is no evidence that Agent Taylor misled the state court judge or was unreasonable in believing that his affidavit offered sufficient information to support probable cause. Neither has defendant offered any evidence that the judge failed to act in a neutral or detached manner when evaluating the affidavit and issuing the warrant. Thus, even if the state judge had erred in finding sufficient probable cause to issue the warrant, defendant's claim would fail on the grounds that the evidence was admissible because the officers acted in good faith.

## B.

■ Defendant's second claim on appeal is that the warrant to search his house was invalid under Federal Rule of Criminal Procedure 41 because it was issued by a judge from the Court of General Session which is not a state court of record. Rule 41(a) states in relevant part that:

> Upon the request of a federal law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued ... by a federal magistrate judge, or a state court of record within the federal district, for a search of property or for a person within the district.

The government does not contest that the Court of General Sessions is not a state court of record. The government contends, however, and the district court agreed, that Rule 41 was inapplicable because the warrant was issued at the request of a state law enforcement officer.

It is uncontested that Officer Taylor, the officer who filed that affidavit requesting the warrant, was a state officer. The parties ultimately differ, however, on the factual question of whether this case became

a federal case under the supervision of the DEA before or after Officer Taylor requested the search warrant. Defendant argued at the Motion to Suppress Hearing that "at the time the search warrant was applied for, it was clearly, predominantly a federal investigation." (J.A. 53.) Federal DEA Agent Hardcastle, however, testified at the hearing that there were no definite plans to indict defendant federally until after the search of defendant's residence was executed and the resulting evidence was discovered.

The district court was not clearly erroneous in finding that at the time Officer Taylor requested the warrant, the investigation was primarily a state investigation and that federal authorities did not decide to indict defendant until after the search was executed. The Ninth Circuit has explicitly held that "[g]enerally, a search is federal if from the beginning it was assumed a federal prosecution would result." *United States v. Palmer*, 3 F.3d 300, 303 (9th Cir.1993) The mere participation of federal agent Hardcastle does not make this a federal investigation subject to Rule 41. *See Palmer*, 3 F.3d at 303 ("[A] federal officer's 'mere participation' in a search does not make it a federal one."). Thus, Rule 41 was not applicable and the search warrant was validly obtained.

### III.

For the foregoing reasons, we affirm the judgment of the district court that the challenged evidence was properly admissible, and we deny defendant's claims on appeal.