**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eliezer OSEGUERA–MEDINA,
Defendant—Appellant.**

No. 02–30191.
D.C. No. CR–01–00056–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2003.*

Decided May 14, 2003.

Before O'SCANNLAIN, GOULD,
Circuit Judges, and BOLTON, District
Judge.**

MEMORANDUM ***

Defendant–Appellant Eliezer Oseguera–Medina appeals his sentence, imposed following his guilty plea for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). He argues that the prosecutor's refusal to offer him a "fast-track" plea agreement similar to that offered to defendants prosecuted in other districts of the Ninth Circuit violated his due process and equal protection rights.

Oseguera–Medina has submitted no proof that the United States Attorney's Office for the District of Montana engaged in intentional discrimination by declining to institute a fast-track policy akin to that in existence elsewhere, or that the prosecutor's decision to decline to offer him a particular plea was motivated by a discriminatory purpose or intent. Therefore, he has not established a prima facie case of invidious discrimination. *Wayte v. United States,* 470 U.S. 598, 607–08, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *United States v. Estrada–Plata,* 57 F.3d 757, 760–61 (9th Cir.1995). The decision not to offer Oseguera–Medina a "fast-track" plea and thirty-month sentence was within the prosecutor's discretion. *See United States v. Armstrong,* 517 U.S. 456, 464–65, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996); *United States v. Palmer,* 3 F.3d 300, 305–306 (9th Cir.1993). The District Court correctly rejected Oseguera–Medina's argument, and imposed a proper sentence. *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976–77 (9th Cir.2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.