Norman Charles **PICKETT**, Jr.,
Petitioner—Appellant,

v.

William **DUNCAN**, Warden,
Respondent—Appellee.

No. 01–17393.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 22, 2003.

Ann C. McClintock, AFPD, Rachelle Barbour, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Julia L. Bancroft, Attorney General for the State of California, Sacramento, CA, for Respondent–Appellee.

Before: REINHARDT, GRABER, Circuit Judges, and SHADUR, Senior District Judge.*

MEMORANDUM **

Norman Charles Pickett, Jr., was convicted of rape under California Penal Code section 261. Now serving his sentence for that offense in a California state prison, he appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

Pickett first argues that he was unconstitutionally compelled to wear jail-issued clothing during his trial. However, he did not inform Judge Sweet, who presided over the trial that ended in the rape conviction, that he wished to wear civilian clothing. Under such circumstances, there was no compulsion. *Estelle v. Williams*, 425 U.S. 501, 508–13, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

Pickett argues that he satisfied the objection requirement of *Williams* by raising the issue of prison clothing before the judge who presided over a prior trial that ended in a mistrial. However, the requirement of a timely objection is intended "to ensure that the [trial] court has an opportunity to cure any potential errors in the first instance." *United States v. Palmer*, 3 F.3d 300, 304 (9th Cir.1993). Pickett did not offer Judge Sweet that opportunity.

Even if Pickett had properly objected to wearing prison clothing, he would be ineligible for relief. There is no constitutional violation unless the record shows

---

* The Honorable Milton Shadur, Senior District Judge, Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"that the accused's clothing would be identifiable to the jury as prison garments." *United States v. Rogers*, 769 F.2d 1418, 1423 (9th Cir.1985); *accord Williams*, 425 U.S. at 505. The record here fails to establish that the jeans and plain green shirt that Pickett wore were identifiable as prison garb to any juror. Furthermore, on this record, Pickett is unable to show that his wearing of prison clothing "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks and citation omitted); *see Villafuerte v. Stewart*, 111 F.3d 616, 628 (9th Cir.1997) (applying *Brecht* to prison garb clothing issue in habeas case).

■ Pickett next argues that the state violated his due process rights by shackling him to a chair by a hidden waist-chain during his trial. However, as in the case of the prison clothing issue, Pickett failed to raise the issue of the shackling before Judge Sweet until the hearing on his post-trial motion for a new trial. Judge Sweet denied that motion on the ground that under California law failure to object to shackling waives the claim. California law is, indeed, clear on that point. *See People v. Marks*, 31 Cal.4th 197, 2 Cal.Rptr.3d 252, 273, 72 P.3d 1222, 1239–40 (Cal.2003); *People v. Duran*, 16 Cal.3d 282, 127 Cal. Rptr. 618, 545 P.2d 1322, 1326 (Cal.1976). Because Pickett "defaulted his federal claim[ ] in state court pursuant to an independent and adequate state procedural rule," we are precluded from reviewing it unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In part because there is no evidence that any juror saw the shackles, he cannot make the requisite showing of prejudice or manifest injustice.

■ Finally, Pickett asserts that the trial court violated his constitutional rights by denying his requests for court-appointed advisory counsel. Under most circumstances, at least, there is no constitutional right to advisory counsel. *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.1983). Pickett argues, however, that, because his access to the prison law library was quite limited, the court had an obligation to provide him with advisory counsel. In support of this argument, Pickett relies primarily on this court's decision in *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir.1985) (holding that the right to self-representation implies a right not to be "thwarted" by the state in gaining access to legal resources).

Under AEDPA, a federal court may grant a writ of habeas corpus only if the state court decision either (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Although Pickett's constitutional argument may be plausible under *Milton*, it is not supported by clearly established Supreme Court precedent. In fact, there is no Supreme Court decision establishing a right to advisory counsel.

In the end, Pickett argues that even if none of these purported errors alone produced sufficient prejudice to warrant habeas relief, their cumulative effect violated his right to a fair trial. However, because Pickett failed to object as to the first two issues and there was no violation of clearly established Supreme Court law as to the

third, we are unable to grant relief on the basis of cumulative error.

The decision of the district court is therefore

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.