**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George Wetter NEELD, Defendant—Appellant.**

**No. 06–10186.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed July 20, 2007.

Camil A. Skipper, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Robert M. Holley, Esq., Sacramento, CA, for Defendant–Appellant.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

MEMORANDUM **

George Wetter Neeld appeals the district court's denial of his motion to suppress evidence found during a search of his home pursuant to a warrant. We affirm. We review de novo the district court's denial of Neeld's motion to suppress, but we review the factual findings underlying the decision for clear error. *United States v. Kemmish*, 120 F.3d 937, 939 (9th Cir.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1997). Because the parties are familiar with the history of this case, we will not recount it here.

## I

Neeld argues that the officers used excessive force against his wife when they entered his home with guns drawn and at least one officer pointed a gun at his wife. Neeld lacks Fourth Amendment standing to challenge a potential violation of his wife's Fourth Amendment rights. *Alderman v. United States*, 394 U.S. 165, 171–74, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir.2005).

## II

Neeld also argues the officers violated Federal Rule of Criminal Procedure 41(f)(1)(C) because the warrant was not served at the outset of the search. The district court did not clearly err in finding that Rule 41 did not apply because the search was not "federal in character." *See United States v. Marshall*, 338 F.3d 990, 995 (9th Cir.2003); *United States v. Palmer*, 3 F.3d 300, 302–03 (9th Cir.1993). Moreover, Neeld offered no evidence that the violation was of constitutional magnitude, the officers "acted in intentional and deliberate disregard of Rule 41," or that Neeld was prejudiced as a result of the violation. *United States v. Martinez-Garcia*, 397 F.3d 1205, 1213 (9th Cir.2005).

**AFFIRMED.**