Burton PRETTY ON TOP, Sr.,
Plaintiff—Appellant,

v.

FIRST INTERSTATE BANK,
Defendant—Appellee.

No. 04–36148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed July 31, 2006.

Geoffrey C. Angel, Esq., Angel Law Firm, Bozeman, MT, for Plaintiff–Appellant.

Steven J. Lehman, Esq., Crowley Haughey Hanson Toole & Dietrich, PLLP, Billings, MT, for Defendant–Appellee.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Burton Pretty On Top, Sr., sued his former employer, Defendant First Interstate Bank, alleging that he had been discriminated against on the basis of race and age, and that he had been fired in retaliation for complaining about the alleged discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a. The district court granted First Interstate's motion for a directed verdict on the age discrimination claim, and a jury ruled for First Interstate on the race discrimination and retaliation claims. Pretty On Top contests several evidentiary rulings made by the magistrate judge who

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

presided over the trial, and further alleges that the magistrate judge erred in instructing and querying the jury.

■ Pretty On Top first contends that the magistrate judge erred in admitting evidence of poor job performance discovered after he was terminated. This claim fails because Pretty On Top did not adequately preserve it for appeal. Although he moved *in limine* to exclude the evidence prior to trial, he did not renew his objection when First Interstate sought to introduce the evidence at trial. Because the magistrate judge's denial of the motion *in limine* was not an " 'explicit and definitive' " determination that the evidence was admissible, Pretty On Top was required to object at trial in order to preserve the issue for appeal. *United States v. Varela–Rivera,* 279 F.3d 1174, 1177 (9th Cir.2002) (quoting *United States v. Palmer,* 3 F.3d 300, 304 (9th Cir.1993)). Moreover, even if this argument had not been waived, it is unpersuasive. First, most of the evidence Pretty On Top claims should have been excluded as "after acquired," was not, in fact, acquired only after Pretty On Top was terminated. Second, the introduction of testimony regarding two incidents of misconduct discovered after Pretty On Top was terminated was harmless. This testimony was relatively brief and comprised a small minority of the testimony regarding Pretty On Top's poor job performance presented at trial. Thus, even if this evidence was wrongly admitted, reversal is not required. *Duran v. City of Maywood,* 221 F.3d 1127, 1130 (9th Cir.2000) (per cerium) " 'To order reversal on the basis of an evidentiary ruling, we must find not only that the district court abused its discretion but also that the error was prejudicial.' " (quoting *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir.1999)).

■ Pretty On Top's second contention is that the magistrate judge erred in ex-

cluding First Interstate's EEO–1 report for 2001, and erroneously refused to take judicial notice of census data for Yellowstone County. The record is inadequate to allow for meaningful review of either of these claims because Pretty On Top failed to request the relevant portion of the transcript of the pretrial hearing at which the magistrate judge made these rulings. Moreover, given that a disparate treatment claim is at issue, the magistrate judge's rulings were not erroneous. Accordingly, we affirm the rulings. *See* Fed. R.App. P. 10(b); Ninth Cir. R. 30–1.4(a)(iii)–(v); *Community Commerce Bank v. O'Brien (In re O'Brien),* 312 F.3d 1135, 1137 (9th Cir.2002) (order).

■ Pretty On Top's third contention is that the magistrate judge erroneously instructed the jury on the "same decision" defense in spite of the fact that this defense was never raised by First Interstate. This claim is waived because Pretty On Top failed to object to the reading of the instruction at trial. *See* Fed.R.Civ.P. 51(c)(1), (d)(1)(A); *Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713 (9th Cir.2001). Indeed, the instruction Pretty On Top now challenges was, nearly verbatim, one of the instructions he himself proposed.

■ Pretty On Top's final contention is that the magistrate judge erred in not including a question on the special verdict form asking the jury whether First Interstate's decision to terminate him was predicated on both legitimate and discriminatory reasons. This claim is likewise waived because Pretty On Top did not object to the magistrate judge's failure to included a "mixed motive" question on the special verdict form, nor did he include such a question in the form he proposed. *See* Fed.R.Civ.P. 49(a); *Pau v. Yosemite Park*

*& Curry Co.*, 928 F.2d 880, 891 (9th Cir. 1991).

The judgment of the district court is **AFFIRMED**.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.