NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: APPLE INC.,**
*Petitioner*

---

2023-135

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00351-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before CHEN, MAYER, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Apple Inc. petitions for a writ of mandamus directing the district court to vacate the order denying transfer and to transfer the case from the United States District Court for the Western District of Texas ("WDTX") to the United States District Court for the Northern District of California ("NDCal").  For the reasons below, we deny the petition.

Lionra Technologies Ltd. ("Lionra") sued Apple in the Waco Division of WDTX for patent infringement.  Apple moved to transfer pursuant to 28 U.S.C. § 1404(a).  Following the close of venue-related discovery, Lionra filed its

opposition to Apple's motion, relying, in part, on "three Apple employees that [Lionra] failed to identify during venue discovery," Appx 5. Apple filed its reply, challenging the relevance of these, and other, Apple employees located in WDTX. Separately, Apple moved to strike any argument based on those late-disclosed employees, or, in the alternative, for additional time to investigate the relevance of those individuals.

The district court denied both motions. The court first concluded that, although Lionra failed to timely disclose its reliance on three of the WDTX-based Apple employees, it was harmless; "Apple holds all the information about its employees," Appx 6, and it "could have spent the two weeks between the response and reply investigating these employees, explain why the employees are not relevant based on the information in their LinkedIn profiles, or request leave to provide new information about the employees." Appx 7. Having denied Apple's motion to strike, the district court then considered those Apple employees in the § 1404(a) transfer analysis. Ultimately, the court concluded that the willing witness factor weighed against transfer while the compulsory process factor slightly weighed in favor of transfer and the other factors were neutral. On balance, the court concluded that Apple failed to show that NDCal was a clearly more convenient forum.

Apple then filed this petition, which we have exclusive jurisdiction to review. 28 U.S.C. §§ 1295(a)(1), 1651(a); *In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007). To obtain the extraordinary remedy of a writ of mandamus, Apple must show, *inter alia*, a clear and indisputable right to relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). When assessing this element in the context of § 1404(a) transfer disputes, we apply relevant regional circuit law and review only for "a 'clear' abuse of discretion such that refusing tranfer produced a 'patently erroneous result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545

F.3d 304, 312 (5th Cir. 2008) (en banc)).  Apple's petition has not made that showing.

Apple's primary challenge concerns the denial of its motion to strike Lionra's arguments relating to three of the five WDTX Apple employees that were relied on by the district court in denying transfer, asserting it was prohibited from submitting evidence rebutting the relevance of those individuals.  But for this discovery dispute, Apple has not shown that the district court clearly abused its discretion in finding Lionra's failure to timely disclose was "harmless."  Fed. R. Civ. P. 37(c)(1) (directing courts to consider whether the failure was "substantially justified or is harmless").  Apple does not dispute that the district court considered the relevant factors.  *See Tex. A & M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).  And, in doing so, the district court reasonably found that Apple had access to the three Apple employees at issue and plausibly concluded that Apple had a meaningful opportunity to challenge Lionra's evidence in its reply (which it did, albeit without the level of detail Apple says a further investigation could have yielded).  Under the circumstances, Apple's petition has not shown a clear and indisputable entitlement to granting its motion to strike.

Apple also argues that, even putting that issue aside, the district court's transfer analysis was patently erroneous.  We disagree.  The court plausibly credited the WDTX-based Apple employees under the witness convenience, sources of proof, and local interest factors based on the specific information that Lionra presented regarding their relevance and materiality.  Apple challenges the district court's findings, but such case-specific, fact-intensive matters are principally entrusted to the district court, which is generally in a better position than this court to make such determinations.  *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  Apple's petition has not sufficiently shown that the district court veered so far afield of that discretion as to warrant mandamus intervention under the

circumstances of this case.  Apple has not shown otherwise by pointing to this court's decision in *In re Google LLC*, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021)—in which we faulted the district court's analysis, not for relying on information from a LinkedIn profile per se, but for a lack of record support for why that individual would have relevant and material information.  Apple similarly fails to demonstrate a clear abuse of discretion regarding the compulsory process factor or to show that denial of transfer would be patently erroneous even if that factor alone weighed more than slightly in favor of transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 16, 2023                          /s/ Jarrett B. Perlow
        Date                                   Jarrett B. Perlow
                                               Clerk of Court